Marc Toberoff (NY Bar No. 1748748)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Lawrence D. Lieber,*
*Patrick S. Ditko, Keith A. Dettwiler*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>LAWRENCE D. LIEBER,<br><br>        Defendant. | Case No.: 1:21-cv-07955-LAK<br><br>Assigned to: Hon. Lewis A. Kaplan, U.S.D.J. |
| MARVEL CHARACTERS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK S. DITKO, in his capacity as Administrator of the Estate of Stephen J. Ditko,<br><br>        Defendant. | Case No.: 1:21-cv-07957-UA<br><br>Assigned to: Judge Unassigned |
| MARVEL CHARACTERS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>KEITH A. DETTWILER, in his capacity as Executor of the Estate of Donald L. Heck,<br><br>        Defendant. | Case No.: 1:21-cv-07959-UA<br><br>Assigned to: Judge Unassigned<br><br>**LAWRENCE D. LIEBER, PATRICK S. DITKO, AND KEITH A. DETTWILER'S OBJECTION TO RELATED CASE STATEMENTS FILED BY MARVEL CHARACTERS, INC.** |

<u>**OBJECTION TO RELATED CASE STATEMENTS**</u>
<u>**FILED BY MARVEL CHARACTERS, INC.**</u>

Pursuant to Rule 13(b)(1) of the Rules for the Division of Business Among District Judges ("RDB"), Lawrence D. Lieber, Defendant in Case No. 1:21-cv-07955 ("Lieber"); Patrick S. Ditko, Defendant in Case No. 1:21-cv-07957 ("Ditko"); and Keith A. Dettwiler, Defendant in Case No. 1:21-cv-07959 ("Dettwiler") hereby object to the Related Case Statements filed by the plaintiff Marvel Characters, Inc. ("Marvel") in each of these three cases.

On September 24, 2021, Marvel filed a Related Case Statement in the Lieber case (Dkt. 5), asking the Court to deem all three cases "related" to a fourth case, which is no longer pending and was decided nearly a decade ago: *Marvel Characters, Inc. v. Kirby*, No. 10-cv-141 (S.D.N.Y.), *aff'd*, 726 F.3d 119 (2d Cir. 2013) ("Kirby case"). Marvel specifically requested that the Lieber case be assigned to Judge Colleen McMahon, who ruled in Marvel's favor in the Kirby case.

On September 27, 2021, the Court assigned the Lieber case to the Hon. Lewis A. Kaplan, U.S.D.J., seemingly rejecting Marvel's request to relate the three, newly-filed cases to a case that is no longer pending—and rightfully so. *See* RDB 13(a)(2)(B) ("[C]ivil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal)."); *see also In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995) (finding abuse of discretion when district court transferred case solely in interests of judicial efficiency, after determining that transferee forum had previously addressed same complex facts in prior, related action, but where said prior action was no longer pending). On the same date, the Court also referred the Ditko and Dettwiler cases to Judge Kaplan, but both remain unassigned.

Nonetheless, even after the Court assigned the Lieber case and referred the Ditko and Dettwiler cases to Judge Kaplan, Marvel aggressively filed nearly identical Related Case Statements in the Ditko and Dettwiler cases (Dkt. 10 in both), requesting that all three cases be

deemed "related" to the decade-old Kirby case and assigned to Judge McMahon.

Under the guise of a quest for judicial "efficiency," Marvel is obviously judge-shopping. The only similarities these three new cases bear to the Kirby case is that Marvel was *one* of the three plaintiffs in that case, which concerned events regarding predecessor companies during roughly the same two decades. Otherwise, the cases concern entirely different original literary works and characters, and, naturally, the circumstances of their creation markedly differ from one another. Accordingly, there is no real or intended "efficiency" in assigning these differing cases to Judge McMahon or, for that matter, deeming the three cases "related" to one another.

In a strained effort to comply with RDB 13(a)(1), Marvel relies on inaccurate conclusory statements (if not circular *and* conclusory). *First*, the cases do not concern substantially similar parties: Marvel was *one* of three plaintiffs in the Kirby case. The defendants are different in *all* four cases. And Marvel's reference to Stan Lee is irrelevant, as Lee is not a "party" to any of the four cases. The cases also do not concern substantially similar properties: all four involve the differing original creation of completely different literary works and characters. Finally, Marvel's assertions that these three cases "involve substantially similar transactions: Marvel's work-for-hire arrangements with artists in the 1960s and 1970s" is ironic. *First*, because "work-for-hire" is *the issue* to be decided. *Second*, as is widely known, Marvel had no contemporaneous "work-for-hire" contracts with these freelancers, only copyright *assignment* language on the back of checks *purchasing* their pages, which is the antithesis of "work for hire," owned at inception.

*Second*, there is no risk of conflicting orders or rulings, because the different facts in these cases relate to the creation of different works and characters. For example, Ditko will present evidence that *Dr. Strange* was created completely independently from any input from Marvel or Stan Lee, including written statements by Lee himself. As the particular facts in each case differ

for each creator and each work, the attendant rulings would not be inconsistent.

*Third*, these matters will not require significant duplication of effort. Precisely because the facts are not "virtually identical" (as Marvel falsely states) the evidence will naturally differ. Thus, even if the cases end up involving similar legal principles, different facts often lead to different outcomes. Further, in the event of any overlap in document production, this presents no actual burden because documents are produced electronically and instantaneously.

Tellingly, while stressing a case it won, Marvel neglects to mention *Marvel Characters, Inc. v. Simon*, No. 00-cv-1393 (S.D.N.Y. Feb. 27, 2002), *rev'd*, 310 F.3d 280 (2d Cir. 2002), concerning *Captain America* (co-created by Kirby) which Marvel lost. That case too involved Marvel as a plaintiff and the same "work for hire" issue, regarding the copyrights in superhero comic books and characters. That Marvel neglects to even mention this well-known case underscores its true objective.

In sum, Marvel has failed to show that these cases should be deemed related or transferred to Judge McMahon. Lieber, Ditko and Dettwiler therefore assert that the three cases may "be assigned by the Clerk by random selection." RDB 13(b)(2).

Date: October 12, 2021        Respectfully submitted,

By: _____*/s/ Marc Toberoff*_____
            Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Lawrence D. Lieber,*
*Patrick S. Ditko, Keith A. Dettwiler*