IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>                  Plaintiff,<br><br>    v.<br><br>PATRICK S. DITKO, in his capacity as Administrator of the Estate of Stephen J. Ditko,<br><br>                  Defendant. | Civil Action No. 1:21-cv-07957-LAK<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

      Pursuant to Federal Rule of Civil Procedure 26(f)(3), Plaintiff Marvel Characters, Inc. ("Marvel") and Defendant Patrick S. Ditko submit the following joint report and discovery plan.

      1.      This action concerns the parties' dispute over the validity of copyright termination notices recently served on Marvel by Patrick Ditko with respect to the rights in numerous comic book stories and characters. The parties intend to litigate, *inter alia*, whether Stephen S. Ditko contributed to the relevant works as works made for hire under the 1909 Copyright Act, such that these works would not be subject to the 1976 Copyright Act's termination provisions. This is one of three actions contemporaneously filed by Marvel that have been related and assigned to this Court.[1]

      2.      The parties stipulate to exchange the initial disclosures required by Rule 26(a) on or before November 18, 2021. The disclosures shall contain the information identified in Rule 26(a)(1) and shall be supplemented as required by Rule 26(e)(1). The parties do not seek any changes to the disclosure requirements under Rule 26(a), apart from their timing.

      3.      The parties propose the following pretrial schedule:

           a.      No additional parties may be joined after April 8, 2022.

---

[1] The three related actions pending before this Court are: *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK, *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK, and *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK.

      b.      No amendments to the pleadings will be permitted after April 8, 2022.

      c.      Fact discovery shall be completed on or before November 18, 2022.

      d.      The parties shall make required Rule 26(a)(2) disclosures with respect to any expert witnesses on or before November 28, 2022, and rebuttal expert witnesses on or before December 16, 2022.

      e.      Expert discovery shall be completed on or before January 16, 2023.

      f.      The last day to file dispositive motions shall be February 20, 2023.

      g.      A joint pretrial order in the form prescribed in Judge Kaplan's individual rules shall be filed on or before May 8, 2023.

The parties agree that either party, individually or collectively, may seek leave of the Court to change any of the above dates for good cause.

      4.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. At this time, the parties do not request that the Court limit discovery into any particular subject matters. Marvel intends to seek discovery on facts relevant to the application of the instance-and-expense test to Stephen Ditko, including the extent to which Marvel and its predecessors provided the impetus for, participated in, or had the power to supervise the creation of the subject works, and the resources Marvel and its predecessors invested in the creation of those works, including the underlying payment arrangements. Marvel also intends to seek discovery into Patrick Ditko and his status as administrator of the estate of Stephen Ditko, as well as the absence of a living widow or child of Stephen Ditko, as relevant to Patrick Ditko's entitlement to effectuate a statutory termination. Patrick Ditko intends to seek discovery as to the facts and circumstances relevant to the creation of the subject works, including whether Stephen Ditko created the subject works from his own home, at his own expense, using his own materials and instrumentalities; whether the backs of checks issued by Marvel's alleged predecessors to Stephen Ditko and/or other artists and writers in the relevant period contained assignment language (consistent with a purchase) or "work for hire" recitations; and whether Stephen Ditko was guaranteed payment for his work by Marvel's

alleged predecessor(s) regardless of whether it was accepted for publication (*i.e.*, whether Stephen Ditko was paid for his services regarding creative material rejected by Marvel's alleged predecessor). Patrick Ditko also intends to seek discovery regarding the entities that originally registered the copyrights to the subject works, the subsequent chain-of-title to such copyrights, as well as Stan Lee, Martin Goodman, and Marvel's relationship to such entities. The parties agree that this paragraph is without prejudice to or limitation of either party's ability to take relevant and appropriate discovery as well as either party's ability to oppose any requested discovery, and all parties reserve all rights with respect thereto.

5.  The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI"), to the extent the need for ESI arises.

6.  The parties agree to enter into an appropriate standard stipulated protective order for the exchange of confidential information. The parties agree that documents created on or after September 24, 2021 (the date the complaint was filed) need not be produced. In addition, the parties agree that attorney-client communications and/or documents protected by the work product doctrine created on or after May 28, 2021 (the date the first termination notice was served in the three actions pending in this Court) do not need to be included on a privilege log.

7.  The parties currently agree that no changes should be made in the limitations on discovery imposed under the federal or local rules. However, Marvel reserves the right to revisit the issue of discovery limits in the event of consolidation.

8.  The parties do not request that the Court issue any other orders under Rule 26(c) or Rule 16(b)-(c) at this time.

Dated: November 3, 2021

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli*
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer*
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Allen Burton
aburton@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Kendall Turner*
kendallturner@omm.com
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

* Admitted pro hac vice

*Attorneys for Plaintiff Marvel Characters, Inc.*

Dated: November 3, 2021     By: /s/ Marc Toberoff
                                Marc Toberoff

                                TOBEROFF & ASSOCIATES, P.C.
                                mtoberoff@toberoffandassociates.com
                                23823 Pacific Coast Hwy, Suite 50-363
                                Malibu, CA 90265
                                Telephone: (310) 246-3333
                                Facsimile: (310) 246-3101

                                *Attorney for Defendant Patrick S. Ditko*

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

- 5 -