UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATRICK S. DITKO, in his capacity as Administrator of the Estate of Stephen J. Ditko, <br><br> Defendant. | Civil Action No. 1:21-cv-7957-LAK <br><br> **ANSWER TO COUNTERCLAIM** |
| PATRICK S. DITKO, in his capacity as Administrator of the Estate of Stephen J. Ditko, <br><br> Counterclaimant, <br><br> v. <br><br> MARVEL CHARACTERS, INC. and DOES 1-10, inclusive, <br><br> Counterclaim-Defendants. | |

Marvel Characters, Inc. ("MCI") hereby answers the Counterclaim of Patrick S. Ditko, as the Administrator of the Estate of Stephen J. Ditko (the "Ditko Estate"), as follows:

**PRELIMINARY STATEMENT**

Engaged as an artist and writer by MCI and/or its predecessors in interest (individually and collectively, "Marvel"), Stephen J. Ditko ("Steve Ditko") contributed to various comic books, including those in dispute here, on a work-made-for-hire basis. Although the Ditko Estate now purports to assert a termination right in those contributions, no such right exists. Section 304 of the Copyright Act—the governing statute—explicitly exempts works made for hire, like Steve Ditko's contributions here, from Section 304's termination mechanism.

## NATURE OF THE ACTION

1. MCI admits that Steve Ditko was engaged as a comic book artist and writer by Marvel to contribute to various comic books, including those for which the Ditko Estate has served purported termination notices (the "Works"). MCI denies all the remaining allegations of Paragraph 1 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

2. MCI admits that the Ditko Estate served four purported notices of termination on Marvel between approximately June 1 and July 16, 2021, and denies all the remaining allegations of Paragraph 2 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

3. Paragraph 3 contains legal argument and/or conclusions of law to which no answer is required.

4. Paragraph 4 contains legal argument and/or conclusions of law to which no answer is required.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal argument and/or conclusions of law to which no answer is required.

6. MCI admits that it regularly conducts business in the State of New York and in this district. The remainder of Paragraph 6 contains legal argument and/or conclusions of law to which no answer is required.

7. Paragraph 7 contains legal argument and/or conclusions of law to which no answer is required.

## PARTIES

8. Based on information and belief, MCI admits the allegations of Paragraph 8, though MCI notes its intention to take discovery to confirm these allegations.

9. MCI admits that it is a Delaware corporation with its principal place of business in Burbank, California, and that it regularly conducts business in the State of New York and in this district. The remainder of Paragraph 9 contains legal argument and/or conclusions of law to which no answer is required.

10. MCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and/or denies such allegations.

11. Paragraph 11 contains legal argument and/or conclusions of law to which no answer is required.

## STATUTORY BACKGROUND

12. Paragraph 12 contains legal argument and/or conclusions of law to which no answer is required.

13. Paragraph 13 contains legal argument and/or conclusions of law to which no answer is required.

14. Paragraph 14 contains legal argument and/or conclusions of law to which no answer is required.

15. Paragraph 15 contains legal argument and/or conclusions of law to which no answer is required.

16. Paragraph 16 contains legal argument and/or conclusions of law to which no answer is required.

17. Paragraph 17 contains legal argument and/or conclusions of law to which no answer is required.

18. Paragraph 18 contains legal argument and/or conclusions of law to which no answer is required.

19. Paragraph 19 contains legal argument and/or conclusions of law to which no answer is required.

20. Paragraph 20 contains legal argument and/or conclusions of law to which no answer is required.

21. Paragraph 21 contains legal argument and/or conclusions of law to which no answer is required.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22. MCI admits that Steve Ditko was a comic book artist and writer who contributed to numerous comic books, and denies all the remaining allegations of Paragraph 22.

23. MCI admits that, between 1962 and 1966, Steve Ditko made contributions to comic books featuring a number of characters and that the Ditko Estate served purported termination notices, and denies all the remaining allegations of Paragraph 23.

24. Paragraph 24 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies the allegations of Paragraph 24.

25. MCI denies the allegations in the first sentence of Paragraph 25.  MCI denies and/or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

26. MCI denies the allegations of Paragraph 26.

27. MCI denies the allegations of Paragraph 27.

28. MCI admits that, between 1962 and 1966, Steve Ditko made contributions to comic books featuring a number of characters, and denies all the remaining allegations of Paragraph 28.

29. MCI admits that Marvel registered copyrights in and to the Works, which are copyrightable subject matter under the copyright laws of the United States, and denies all the remaining allegations of Paragraph 29.

30. Paragraph 30 contains legal argument and/or conclusions of law to which no answer is required. To the extent an answer is required, MCI denies the allegations of Paragraph 30.

31. MCI denies the allegations of Paragraph 31.

32. Paragraph 32 contains conclusions of law to which no answer is required. To the extent an answer is required, MCI denies such allegations.

33. MCI denies the allegations of Paragraph 33.

34. MCI denies the allegations of Paragraph 34.

35. MCI denies the allegations of Paragraph 35 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

36. MCI denies the allegations of Paragraph 36 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

37. MCI admits that Marvel editorial staff had the right to exercise creative control over the Works and properly registered the Works with the United States Copyright Office but otherwise denies the remaining allegations of Paragraph 37.

38. MCI admits that Marvel previously employed Stan Lee, that Lee contributed to the Works, and that, inter alia, Marvel paid Lee by the page for certain contributions but

otherwise MCI denies the balance of the allegations of Paragraph 38 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

39. MCI denies the allegations of Paragraph 39.

40. MCI denies the allegations in the first sentence of Paragraph 40. MCI denies and/or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

41. MCI denies the allegations in Paragraph 41 and/or lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

42. MCI denies the allegations in Paragraph 42 and/or lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

43. MCI denies the allegations in Paragraph 43 and/or lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

44. MCI denies the allegations in Paragraph 44 and/or lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

45. MCI denies the allegations of Paragraph 45.

46. Paragraph 46 contains legal argument and/or conclusions of law to which no answer is required. To the extent an answer is required, MCI denies the allegations of Paragraph 46.

47. MCI admits that the Ditko Estate served four purported notices of termination on Marvel, and denies all the remaining allegations of Paragraph 47 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

48.     MCI admits that Marvel renewed the copyrights in the Works but otherwise avers that Paragraph 48 contains legal argument and/or conclusions of law to which no answer is required.

49.     MCI admits that it received four purported notices of termination and denies all the remaining allegations of Paragraph 49 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

50.     Paragraph 50 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies the allegations of Paragraph 50.

51.     Paragraph 51 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies the allegations of Paragraph 51.

## COUNT ONE

(Declaratory Relief: Termination Notices Are Valid and Effective Under 17 U.S.C. § 304(c))

52.     MCI incorporates by reference the answers to Paragraphs 1 through 51, as though fully set forth herein.

53.     Paragraph 53 contains legal argument and/or conclusions of law to which no answer is required.

54.     MCI admits the allegations of Paragraph 54.

55.     Paragraph 55 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies such allegations.

56.     Paragraph 56 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies the allegations of Paragraph 56.

57. Paragraph 57 contains legal argument and/or conclusions of law to which no answer is required. To the extent an answer is required, MCI denies the allegations of Paragraph 57.

58. Paragraph 58 contains legal argument and/or conclusions of law to which no answer is required. To the extent an answer is required, MCI denies the allegations of Paragraph 58.

59. Paragraph 59 contains legal argument and/or conclusions of law to which no answer is required.

60. Paragraph 60 contains legal argument and/or conclusions of law to which no answer is required.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, MCI asserts the following additional and/or affirmative defenses as to the Ditko Estate's Counterclaim:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of res judicata.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of judicial estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, for failure to bring such claim within the governing statute of limitations.

## PRAYER FOR RELIEF[1]

WHEREFORE, MCI prays for judgment as follows:

1. That the Ditko Estate take nothing by its Counterclaim, and the Counterclaim be dismissed with prejudice;

2. That the Ditko Estate be denied each and every demand and prayer for relief contained in the Counterclaim;

3. That judgment be entered in favor of MCI and against the Ditko Estate on the Counterclaim;

4. That MCI be awarded reasonable attorneys' fees and costs; and

5. That MCI be awarded such other and further relief as the Court may deem appropriate.

---

[1] MCI objects to the Ditko Estate's demand for a jury trial, as no jury trial attaches to any of the claims in the case.

Dated: January 19, 2022        **O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
      Daniel M. Petrocelli

Daniel M. Petrocelli*
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer*
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Allen Burton
aburton@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Kendall Turner*
kendallturner@omm.com
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

* Pro hac vice pending

*Attorneys for Marvel Characters, Inc.*