# Exhibit 13

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

May 11, 2022

Via Email

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:** **May 11, 2022 Meet and Confer Follow Up**
*Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv- 07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Molly:

We write in response to the parties' May 11 conference and to confirm the agreements and remaining issues between the parties.

## Defendants' Requests for Production

Marvel stated that it intended to make a more fulsome, responsive production the week of May 16. As discussed, we expect this production to be more responsive than prior productions which have so far left out the most important documents in these cases, as detailed in our May 9, 2022 letter. Should Marvel continue to only produce filler or documents knowingly already in Defendants' possession, Defendants will need to move to compel.

Regarding Marvel's *Kirby* production, Defendants further require Marvel to produce *all* documents in their possession, custody, or control that were produced by any party (i.e., by Marvel, the Kirbys, or any subpoenaed party) in the *Kirby* case, not merely documents that were previously produced by Marvel alone. Marvel must produce these documents because such documents are not only responsive to Defendants' RFPs but also because Marvel has repeatedly stated that it intends to heavily rely on the *Kirby* case and rulings in Marvel's prosecution of these cases. As such, Marvel must unquestionably produce these documents in full.

We expressly reject Marvel's attempt to limit its production of *Kirby* documents by demanding Defendants provide Marvel with the bates numbers of documents that Defendants do not have so that Marvel can produce only those missing documents. Marvel needs to make a fulsome production of *Kirby*

**TOBEROFF & ASSOCIATES, P.C.**

May 11, 2022
Molly M. Lens
Page: 2

documents irrespective of the Kirbys' and Defendants' production. Please confirm that Marvel, like the Kirbys and Defendants, will do so.

### Defendants' and Subpoenaed Parties' Production of Documents

As discussed, Defendants agree to re-produce the documents produced so as to reflect the "parent-child" relationship of documents, if any, and further agree to separate documents into different files based on the document type. Further, Defendants agree to provide a spreadsheet associating each document with its custodial information. Please confirm that this moots Marvel's objections to Defendants' and Subpoenaed Parties' production.

### Marvel's Subpoena to Mark Ditko

With respect to RFP Nos. 7 and 8, we again propose that these requests be limited and that they "exclude communications that relate exclusively to Mark and/or Patrick Ditko's capacity as a consumer and/or fan of Marvel's products" without further cabining or conditions. Please confirm Marvel's agreement to this limiting language or propose alternative language that excludes from production Mark and Patrick Ditko's fandom communications.

With respect to RFP No. 5, we agree to confirm whether Mark Ditko possesses correspondence between David Currie and Steve Ditko before we continue to debate the scope of this RFP so as not to waste anyone's time on an issue that may be moot.

### Marvel's Second Requests for Production

Defendants will amend their responses to Marvel's Second RFPs as follows:

Defendants agree to produce documents consistent with the prior agreements between the parties relating to documents in the public record.

With respect to RFP No. 42, the parties agreed that Defendants would conduct a reasonably diligent search for and produce documents in their possession, custody, or control "sufficient to evidence" that any comics, characters, stories, illustrations, or other narrative or graphs works were submitted to publishers by the respective creators.

With respect to RFP No. 43, Defendants agreed to amend their response to correspond to their responses to the other contention/allegation RFPs propounded by Marvel.

With respect to RFP No. 48, in addition to the limited definition of "Marvel" previously agreed to by the parties (i.e., the respective creator's work for Marvel during 1955 to 1985), the parties have further agreed that Defendants would not need to produce interviews that concern derivative works of the Works after 1985, and not the five relevant creators (Ditko, Lieber, Heck, Colan, or Rico).

With respect to RFP No. 49, we agree with the aforesaid limited definition of "Marvel" and to the

**TOBEROFF & ASSOCIATES, P.C.**

May 11, 2022
Molly M. Lens
Page: 3

subject matter limitations suggested in Marvel's April 29 letter (i.e., "the Contributors' contributions to Marvel; the Works, Including but not limited to the ownership thereof; the Contributors' employment relationship with Marvel; the Contributors' working relationship with any superiors of theirs at Marvel; the Contributors' working relationship with any of their collaborators at Marvel and/or on any of the Works; the 'Marvel Method'; the process pursuant to which the Contributors developed their contributions to the Works and/or Marvel; the manner in which the Contributors were compensated and/or taxed on such compensation for their work for Marvel; and the extent and nature of the Contributors' work for persons or entities other than Marvel.") provided that our agreements to these subject matter limitations or this definition are not construed as any acceptance or admission of your characterizations, terminology, or any inferences to be drawn therefrom. For example, Defendants had no "employment relationship" with Marvel and thus no "superiors . . . at Marvel," nor did they "work . . . for Marvel," and of course, Defendants reserve all rights as to these issues and others in this case.

### Defendants' Interrogatory Responses

Marvel stated that it would confirm its position regarding whether it would accept Defendants' responses based on knowledge, information, and belief or personal knowledge alone. Depending on Marvel's position, Defendants may amend some or all of their interrogatory responses.

Further, because the parties utilize the same instructions for interrogatory responses that amount to "Unknown", Marvel stated that it would propose a mutually agreeable way of complying with the "Unknown" instructions to avoid unduly burdening the parties. We look forward to Marvel's proposal.

With respect to Interrogatory Nos. 3, 4, and 5, Defendants' RFPs speak for themselves and to the extent that Defendants' reasonably diligent search for responsive documents in their possession, custody, or control reveals responsive testimony, interviews, or contributions to publishers other than to Marvel, Defendants would produce documents consistent with their RFP responses.

Defendants further clarified that with respect to Interrogatory No. 5, some interviews exist independently online in the form of YouTube videos or podcasts and are thus not in Defendants' possession, custody, or control. Marvel should be able to readily access these interviews by plugging the information Defendants provided into Google, YouTube, or Spotify.

As discussed, Defendants want to make clear that by identifying an interview or document in response to any interrogatory, Defendants expressly do not thereby authenticate that interview or document. Defendants do not understand Marvel's use of the term "Identify" in the interrogatories to be coterminous with "authenticate", nor is "Identify" so defined. Defendants, in a good faith attempt to provide Marvel with fulsome responses, have identified purported interviews they found in their research, however, by simply providing this information, Defendants are not thereby authenticating those interviews.

Defendants object to any attempt by Marvel to misuse information-seeking interrogatories as disguised requests for admission or requests to authenticate documents.

**TOBEROFF & ASSOCIATES, P.C.**

May 11, 2022
Molly M. Lens
Page: 4

## Protective Orders

Defendants will address the parties' discussion regarding the protective orders in a separate letter.

\* \* \*

Nothing in this letter should be construed as a waiver or limitation of any of Defendants' or Subpoenaed Parties' rights or remedies, all of which are reserved.

Very truly yours,

Jaymie Parkkinen