# Exhibit 26

Marc Toberoff (MT 4862)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Lawrence D. Lieber*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC., <br><br>         Plaintiff, <br> v. <br><br> LAWRENCE D. LIEBER, <br><br>         Defendant. | Case No.: 1:21-cv-07955-LAK <br><br> Hon. Lewis A. Kaplan <br><br> **DEFENDANT'S ANSWER & COUNTERCLAIM** <br><br> <ins>DEMAND FOR JURY TRIAL</ins> |
| LAWRENCE D. LIEBER, <br><br>         Counterclaimant, <br> v. <br><br> MARVEL CHARACTERS, INC. and DOES 1-10, inclusive, <br><br>         Counterclaim-Defendants. | |

## NATURE OF THE ACTION

1.      Defendant Lawrence D. Lieber ("Lieber" or "Defendant") admits only that he has exercised his termination rights under the United States Copyright Act (the "1976 Act") by serving notices of termination on plaintiff Marvel Characters, Inc. ("MCI" or "Plaintiff") regarding comic book characters and stories he co-created, and that MCI has brought this civil action for declaratory relief as set forth in its Complaint, but Defendant otherwise denies the allegations in paragraph 1.

2.      Defendant admits only that the district court in *Marvel Worldwide, Inc. v. Kirby*, granted Marvel Worldwide, Inc. summary judgment against the statutory heirs of Jack Kirby, 777 F. Supp. 2d 720 (S.D.N.Y. 2011), *aff'd in part*, 726 F.3d 119 (2d Cir. 2013), and to the extent relevant, if any, respectfully refers the Court to these decisions for their contents, but Defendant otherwise denies the allegations in paragraph 2.

3.      Defendant respectfully refers the Court to *In re Marvel Entertainment Grp.*, 254 B.R. 817 (D. Del. 2000) for its contents, to the extent relevant, if any, but Defendant otherwise denies the allegations in paragraph 3.

4.      Defendant admits only that that MCI has brought this civil action for declaratory relief pursuant to 28 U.S.C. § 2201, as set forth in its Complaint, but Defendant otherwise denies the allegations in paragraph 4.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies the same.

6.      Admitted.

## JURISDICTION AND VENUE

7.     Defendant admits only that Plaintiff purports to bring an action for declaratory relief under 28 U.S.C. §§ 2201, *et seq*., and under the 1976 Act, 17 U.S.C. §§ 101, *et seq*. Paragraph 7 otherwise contains conclusion of law as to which no responsive pleading is required.

8.     Defendant admits only that Lieber is domiciled in New York; and otherwise, Paragraph 8 contains conclusions of law as to which no responsive pleading is required.

9.     Defendant admits that he resides in New York, New York, and that a substantial part of the events alleged by MCI to give rise to this action occurred in this District. Paragraph 9 otherwise contains conclusions of law as to which no responsive pleading is required.

## ALLEGATIONS

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis denies the same. Defendant respectfully refers the Court to all documents referred to in paragraph 14 for evidence of the contents thereof.

15.     Defendant admits that between approximately June 1 and August 4, 2021, Defendant duly served six notices of termination on MCI and related entities, pursuant to 17 U.S.C. § 304 (c) and the regulations promulgated thereunder. Defendant otherwise respectfully refers the Court to the documents referred to in paragraph 15 for evidence of the contents thereof.

2

16. Defendant admits the allegations in paragraph 16 only to the extent such allegations accurately reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

17. Defendant admits the allegations in paragraph 17 only to the extent such allegations accurately reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

18. Admitted.

## COUNT I: ACTION FOR DECLARATORY RELIEF

### [As to the Validity of All Notices]

19. Defendant re-alleges and incorporates by reference paragraphs 1-18 inclusive of his Answer, as though fully set forth herein.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies the same.

26. Admitted.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 27, and on that basis denies the same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 28, and on that basis denies the same.

Paragraph 28 otherwise contains conclusions of law as to which no responsive pleading is required.

29.    Defendant denies the allegations contained in paragraph 29, except admits that MCI purports to seek a declaratory judgment pursuant to 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

A.    With respect to the relief requested in paragraph A. of the Prayer for Relief, Defendant specifically and generally denies that MCI is entitled to any of the relief requested in said paragraph.

B.    With respect to the relief requested in paragraph B. of the Prayer for Relief, Defendant specifically and generally denies that MCI is entitled to any of the relief requested in said paragraph.

C.    With respect to the relief requested in paragraph C. of the Prayer for Relief, Defendant specifically and generally denies that MCI is entitled to any of the relief requested in said paragraph.

## AFFIRMATIVE DEFENSES

Defendant hereby additionally alleges the following as affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint fails to state a claim upon which the relief sought or any relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.　　Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

4.　　The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

### (Claim Preclusion)

5.　　The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of *res judicata* or claim preclusion.

### SIXTH AFFIRMATIVE DEFENSE

### (Issue Preclusion)

6.　　The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of collateral estoppel or issue preclusion.

### SEVENTH AFFIRMATIVE DEFENSE

### (Duress)

7.　　Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of duress.

### EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

8.      Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the Statute of Frauds.

### NINTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

9.      Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because the contract(s) lacked consideration.

### TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

10.      The Complaint and each purported claim therein is barred, in whole or in part, by Plaintiff's failure to bring such claims within the governing statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11.      The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

12.      The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

13.     The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of judicial estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

14.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of equitable estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Defendant's Termination Notices Not Invalidated by Technical Errors)

15.     Under 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10, Defendant's Termination Notices are not invalidated or curtailed due to technical errors or omissions, if any, since Defendant's intent to terminate all prior grants by Lawrence D. Lieber of his copyright interests in all works listed in the Notices is made clear to Plaintiff in the Termination Notices timely served on Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Against Public Policy)

16.     Any contract alleged in the Complaint which is contrary to public policy is unenforceable, and any relief requested in the Complaint which is contrary to public policy should not be granted.

_____

17.     The Complaint fails to state the claims for relief with sufficient particularity to permit Defendant to discern and raise all appropriate defenses. Defendant may have additional

7

affirmative defenses available to him, which are not now fully known or of which Defendant is not fully aware. Defendant accordingly reserves the right to amend or supplement this answer with additional affirmative defenses after the same have been ascertained.

FOR THESE REASONS, Defendant prays that the Court dismiss all of Plaintiff's claim(s) and find for Defendant on Plaintiff's Count One, and that Defendant be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act, and pray for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Counterclaimant Lawrence D. Lieber ("Lieber" or "Counterclaimant"), for his Counterclaim against Marvel Characters, Inc. ("MCI" or "Counterclaim-Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      Lawrence D. Lieber ("Lieber") is a renowned comic book writer best known for co-creating superhero characters, including but not limited to, "Ant-Man," "Iron Man," and "Thor," in various original comic book stories (the "Stories"), published in the 1960's by MCI's alleged predecessors. The United States Copyright Act of 1976, 17 U.S.C. §304(c) ("Section 304(c)"), provides authors such as Lieber with the right to recover their fair share of the U.S. copyright to their creative work, after a lengthy period, by statutorily terminating *without cause* prior transfers of copyright within delineated time "windows."

2.      On June 1, 2021, June 3, 2021, June 4, 2021, and August 4, 2021, respectively, Lieber properly availed himself of his termination rights under Section 304(c) of the Copyright Act by serving MCI and their affiliates, within the prescribed window, with six notices of termination ("Termination Notices") regarding Lieber's co-author share of the Stories based on

his written material (the "Lieber Material"). The Termination Notices become effective in June –

August 2023. This Counterclaim principally seeks a declaratory judgment that Lieber's

Termination Notices are valid and effective under the Copyright Act.

3.     The Supreme Court clearly elucidated the objective of the Copyright Act's

termination provisions:

> The principal purpose of the [termination right] was to provide added benefits to
> authors ... to make the rewards for the creativity of authors more substantial. More
> particularly, the termination right was expressly intended to relieve authors of the
> consequences of ill-advised and unremunerative grants that had been made before
> the author had a fair opportunity to appreciate the true value of his work product.
> That general purpose is plainly defined in the legislative history and, indeed, is
> fairly inferable from the text of § 304 itself.

*Mills Music, Inc. v. Snyder*, 469 U.S. 153, 172-73 (1985).

4.     Congress recognized that publishers held far greater bargaining power and that,

consequently, authors commonly agreed to one-sided grants, precluding them from sharing in

their works' success. *Id.* The results were often supremely unfair, as when a work proved to have

enduring commercial value but enriched *only* the publisher. Congress thus created termination

rights to "safeguard[] authors against unremunerative transfers" made before their works were

commercially exploited, and to give them a second chance to obtain a more equitable portion of

their works' value when it is no longer conjectural. H.R. Rep. No. 94-1476, at 124; *see also N.Y.*

*Times v. Tasini,* 533 U.S. 483, 496 n.1 (2001) (recognizing Congress' intent to adjust "the

author/publisher balance" by an "inalienable authorial right to revoke a copyright transfer").

## JURISDICTION AND VENUE

5.     This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, *et seq*.,

and under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*. This Court has federal question

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over the Counterclaim-Defendant MCI because MCI is regularly doing business in the State of New York and in this district and maintains contacts within the State of New York and this district.

7.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because MCI is conducting business in this district and is subject to personal jurisdiction in this district.

## PARTIES

8.      Counterclaimant Lawrence D. Lieber is an individual and a citizen of and resides in the State of New York, in the County of New York, and is and at all times has been a citizen of the United States.

9.      Counterclaimant is informed and believes and based thereon alleges that Counterclaim-Defendant MCI is a Delaware corporation, which has its principal place of business in Burbank, California, and which regularly conducts significant business in the State of New York.

10.     Counterclaimant is informed and believes and based thereon alleges that the fictitiously named Counterclaim-Defendants captioned hereinabove as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the actions, damages, events, transactions, and circumstances alleged herein. The true names and capacities of such fictitiously named Counterclaim-Defendants, whether individual, corporate, associate, or otherwise are presently unknown to Counterclaimant, and Counterclaimant will amend this Counterclaim to assert the true names and capacities of such fictitiously named Counterclaim-Defendants when the same have been ascertained. For convenience, each reference herein to MCI shall also refer to the Doe Counterclaim-Defendants and each of them.

11.     Counterclaimant is informed and believes and based thereon allege that each of the Counterclaim-Defendant and the Doe Counterclaim-Defendants was the agent, partner, servant, employee, or employer of each other, and that at all times herein mentioned, each of the Counterclaim-Defendant and the Doe Counterclaim-Defendants was acting within the course and scope of such employment, partnership and/or agency and that each is jointly and severally responsible for the damages hereinafter alleged.

### STATUTORY BACKGROUND

12.     The United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"), provides an author with the inalienable right to recapture the copyright to the author's creative material, after a lengthy waiting period, by statutorily terminating without cause any prior express or implied transfer of such copyright. Termination is easily carried out by serving advance notice of termination on the original grantee or its successors and filing the notice with the U.S. Copyright Office, within delineated time "windows." 17 U.S.C. § 304(c).

13.     Section 304(c) provides for the termination of a pre-1978 transfer of rights under copyright by the author during a five (5) year period commencing fifty-six (56) years after the date the author's work first secured a statutory copyright (by registration or publication, whichever is earlier). *Id*. § 304(c)(3). The requisite notice of termination sets forth the "effective date" of termination, within the five-year termination "window," when the previously transferred rights under U.S. copyright will be recaptured by the author. Notice of termination may be served by the author, or if the author is deceased, by the author's statutorily defined heirs or estate, at any time between ten (10) and two (2) years before the effective termination date. *Id*. § 304(c)(4)(A).

14.     True "works made for hire" are the sole exemption from the Copyrights Act's

11

termination provisions. *Id*. § 304(c). Whether a work, created and published prior to January 1, 1978, is a "work made for hire," is determined under and is defined in Section 26 of the 1909 Copyright Act. Pub. L. 60-349.

15.     The termination right is the most important authorial right provided by the Copyright Act, short of copyright itself. Congress was therefore very protective of this right and, to that end, enacted a number of provisions to prevent any waiver or encumbrance of an author's termination interest. For instance, "[t]ermination of the [prior copyright] grant may be effected notwithstanding any agreement to the contrary [.]" *Id*. § 304(c)(5).

16.     Furthermore, "[h]armless errors in a [termination] notice that do not materially affect the adequacy of the information required to serve the purposes of . . . section [304(c)] of title 17, U.S.C. . . . shall not render the notice invalid." 37 CFR § 201.10(e)(1).

17.     Congress also anticipated that the exercise of an author's termination right would usually result in a new license by the author or author's estate to the terminated grantee (here, MCI). To that end, Congress provided that "grantee" with the exclusive opportunity to re-license an author's recaptured copyright "after the notice of termination has been served," but before "the effective date of the termination." 17 U.S.C. § 304(c)(6)(D). The termination provisions thus reflect a deliberate balance of competing interests by Congress.

18.     Under the termination provisions, all "derivative works" created prior to a termination notice's effective termination date "may continue to be" distributed and exploited by the grantee or grantee's successor, just as before. 17 U.S.C. § 304(c)(6)(A). Lieber's recovery of his co-author share of the U.S. copyright to the Stories therefore does not prevent MCI and/or its licensees from continuing to freely exploit prior derivative works, including films, television series and merchandising.

12

19.     In addition, because Lieber *co-authored* the Stories, MCI and/or its licensees can continue to freely exploit the Stories, including in new derivative works, even *after* the effective termination date(s), subject only to a duty to account to Lieber for an equitable share of proceeds therefrom, and this only in the unlikely event MCI does not enter into a preemptive new license with Lieber regarding such works.

20.     Lastly, because the Copyright Act has *no extra-territorial application*, all rights to the Stories in all foreign territories, remain with MCI, notwithstanding the Termination Notices, providing additional incentives for the parties to cooperatively work together in the future.

21.     As a result, the Termination Notices, if held effective, will likely result in a new license from Lieber to MCI, but one which more fairly reflects the time-tested market value of Lieber's creative material. Accordingly, the exercise of statutory termination rights does not prevent the further exploitation of these works by MCI; it simply allows Lieber to fairly participate in the financial benefits of his creative efforts, just as Congress intended. H.R. Rep. No. 94-1476, at 124 (1976).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Lawrence D. Lieber is considered one of the great comic book creators, and throughout his career he co-authored numerous original illustrated comic book stories that were published by a variety of different publishers.

### Lieber's Creation of the Stories in 1962-1964

23.     Between 1962 and 1964 (the applicable "Period"), Lieber co-created a number of superhero characters, including but not limited to "Ant-Man," "Thor," and "Iron Man," in the original illustrated comic book Stories, co-authored by him, which are the subjects of Lieber's Termination Notices.

24.     Because "work for hire" is the *only* exception to the Copyright Act's remedial termination provisions, MCI attempts to rewrite history in asserting that the Lieber Material was "work made for hire," owned at inception by MCI's alleged predecessors. This bears no relation, however, to the facts or realities of comic book publishing in the relevant Period.

25.     By 1959, comic book publishing was on the brink of bankruptcy, due in large part to criticism in Fredric Wertham's book, "Seduction of the Innocent," the ensuing 1954 hearings before the Senate Subcommittee on Juvenile Delinquency, and the resulting censorship imposed by the "Comics Code Authority." Subsequently, the market for comic books underwent a severe contraction which endured well into the 1960s.

26.     As such, the purported comic book publishing entities which MCI alleges are its predecessor(s) from this Period (individually and collectively, "MCIPP") were largely shell companies, of no resemblance to the structured, established company Marvel is today.

27.     In 1962-63, for instance, the MCIPP did not even have their own office and consisted at most of one alleged employee with a small desk behind a partition in a room occupied by others. By 1964, the MCIPP had at best a tiny one or two-room office, and very few or no employees (depending on the MCIPP). The impecunious MCIPP fed the printing presses of other entities with inexpensive comic book material *purchased* for publication from a variety of "freelancers," like Lieber, working from home on their own steam.

28.     Lieber is informed and believes and based thereon alleges that after the Lieber Material was purchased by one such entity, it was published by a different entity in varying periodicals (e.g., *Tales to Astonish*, Vol. 1, Nos. 35-43 and 46-58; *Journey Into Mystery*, Vol. 1, Nos. 83-104; *Tale of Suspense*, Vol. 1, No. 39; and *Strange Tales*, Vol. 1, Nos. 102-113).

29.     Lieber is further informed and believes and based thereon alleges that the

14

copyrights in these periodicals, containing the Stories, were registered with the United States

Copyright Office by and in the name of still different entities (e.g., Atlas Magazines, Inc. and

Vista Publications, Inc.). As such, there was little continuity or substance to the use or

participation of these revolving entities or MCIPP to support MCI's conclusion that the Lieber

Material qualified as "work made for hire" under and as defined in the 1909 Copyright Act.

30.     Notably, even the MCIPP's contemporaneous copyright registrations did *not* list

or describe their copyrighted periodicals or the Stories therein as "works made for hire," as was

common legal practice for copyright registrations of actual "works for hire."

31.     As a freelancer, Lieber wrote the Lieber Material used in the illustrated Stories,

co-authored by him, largely on his own and at his own expense. The MCIPP conspicuously

never entered into any employment or any other engagement agreement with Lieber.

32.     Lieber was *not* employed by any MCIPP, either as a traditional employee *or* even

as an independent contractor.

33.     Lieber was thus not guaranteed a salary, wage or compensation for his time or

services by any MCIPP, which purposefully avoided such legally binding financial obligations.

And because the MCIPP had no employment agreement with Lieber, the MCIPP also had no

legal right to control his *creation* of the Lieber Material, at his home, on his own time, and at his

own expense.

34.     The MCIPP, by design, was also under no legal obligation to accept for

publication and pay for the material created by Lieber, or by any other freelancer. Accordingly,

like many comic book writers and artists during this time of economic uncertainty, Lieber

worked hand to mouth, at his own premises, using his own instruments and materials, and he

thereby bore the entire financial risk of *creating* the Lieber Material in question.

15

35.     Upon completion, Lieber submitted his material to the MCIPP. If the MCIPP chose, in its sole discretion, to accept it for publication, it purchased the Lieber Material by the page. The MCIPP did *not* pay for submitted pages that it rejected, in its sole discretion, nor did it own such rejected material, underscoring that the nature of this was a purchase, as a matter of law, subsequent to creation, and that the Lieber Material was not "work made for hire," owned at inception by an MCIPP.

36.     Lieber is informed and believes and based thereon alleges that accordingly, the back of MCIPP checks issued to buy the Lieber Material contained a printed legend, which stated that by endorsement of the check, the payee acknowledges his *assignment of the copyright* in his material—the legal opposite of a "work for hire."

37.     Once the MCIPP purchased the Lieber Material, it, of course, was free to do with it what it pleased, including any alteration or additions thereto, and the copyright registration of the periodicals containing the Stories co-authored by Lieber.

38.     Given the above facts and circumstances, the Lieber Material was not "work-made-for-hire" for any MCIPP under the 1909 Copyright Act.

**Lieber Exercises His Termination Rights Under the Copyright Act**

39.     On June 1, 2021, June 3, 2021, June 4, 2021, and August 4, 2021, respectively, Lieber served by first class mail, postage prepaid, the Termination Notices, pursuant to the Copyright Act, 17 U.S.C. § 304(c), on MCI and its affiliates, duly terminating all express or implied grants or transfers by Lieber to the MCIPP of his copyright interest in the Stories. Copies of these Termination Notices are attached hereto as Exhibit "A."

40.     The copyrights to the periodicals containing the Stories were renewed by MCI or its alleged predecessor(s) with the United States Copyright Office, and such renewal registrations

served to renew the copyrights to the constituent Stories.

41.     The Termination Notices were drafted and served on MCI and related entities, and submitted to the United States Copyright Office for recordation, all in full compliance with the Copyright Act, 17 U.S.C. § 304(c), and the regulations promulgated thereunder by the Register of Copyrights, 37 C.F.R. § 201.10.

42.     The Termination Notices will terminate, on the respective effective termination dates set forth therein, all operative prior grants or transfers by Lieber to any MCIPP of his copyright interest as a co-author of the Stories.

43.     On the effective termination dates, Lieber will duly recover ownership of his copyright interest as a co-author of the Stories for their extended renewal terms.

## COUNT ONE

(Declaratory Relief: Termination Notices Are Valid and Effective Under 17 U.S.C. § 304(c))

44.     Lieber re-alleges and incorporates by reference paragraphs 1 through 43 of this Counterclaim inclusive, as though fully set forth herein.

45.     By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between the parties under federal copyright law, concerning the validity and effect of the Termination Notices.

46.     Lieber contends and MCI denies that the Termination Notices are valid and effective under the Copyright Act, 17 U.S.C. § 304(c).

47.     Lieber was never employed by MCI's alleged predecessor(s) as either an employee or as an independent contractor.

48.     MCI's alleged predecessor(s) therefore had no legal right to control Lieber's creation of the Lieber Material, and once completed, it had no legal obligation to pay Lieber for

his material unless it accepted the material for publication, in its sole discretion.

49.    The Lieber Material was therefore not created by Lieber at the "instance and expense" of MCI's alleged predecessor(s), and instead was purchased from Lieber subsequent to his creation of the material on a freelance basis, at his own expense.

50.    The Lieber Material, comprising his contribution to the Stories, was therefore by no means "work made for hire" under and as defined in Section 26 of the 1909 Copyright Act. Pub. L. 60-349.

51.    A declaration of the Court is necessary and appropriate at this time so that the parties may know their respective rights and obligations regarding the Termination Notices and the Stories.

52.    Accordingly, Lieber seeks, pursuant to 28 U.S.C. § 2201, a declaratory judgment from this Court that his Termination Notices are valid and effective under the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Lieber prays for a judgment against MCI as follows:

1.    For a declaration that his Termination Notices are valid under the Copyright Act, and as to the parties' rights and obligations regarding the Stories;

2.    For reasonable attorney's fees and costs of suit; and

3.    For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: December 7, 2021                By: _____ /s/ Marc Toberoff _____
                                           Marc Toberoff
                                      TOBEROFF & ASSOCIATES, P.C.
                                      *mtoberoff@toberoffandassociates.com*
                                      23823 Pacific Coast Hwy, Suite 50-363
                                      Malibu, CA 90265
                                      Telephone: (310) 246-3333

                                      *Attorneys for Lawrence D. Lieber*

18

## <u>JURY TRIAL DEMANDED</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and

Counterclaimant Lawrence D. Lieber hereby demands a trial by jury on each claim for relief

and/or issue that is triable by a jury.

Respectfully submitted,

Date: December 7, 2021
By:          */s/ Marc Toberoff*         
                      Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Lawrence D. Lieber*

# EXHIBIT A

# NOTICE OF TERMINATION

## "RETURN OF THE ANT-MAN"

To:   Marvel Entertainment, LLC            Marvel Studios, LLC
      Marvel Worldwide, Inc.               MVL Rights, LLC
      Marvel Property, Inc.                 MVL Development, LLC
      Marvel Characters, Inc.               Marvel Characters, Inc.
      1290 Avenue of the Americas       500 South Buena Vista Street
      New York, NY 10104               Burbank, CA 91521
      Attn: John Turitzin, Chief Counsel    Attn: David Galluzzi, Chief Counsel
            Eli Bard, Deputy Chief Counsel

      The Walt Disney Company         Marvel Animation Inc.
      500 South Buena Vista Street      623 Circle Seven Drive
      Burbank, CA 91521               Glendale, CA 91201
      Attn: Alan Braverman, General Counsel   Attn: Legal Department

      PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, Larry Lieber, being the person entitled to terminate copyright transfers pursuant to said statutory provisions, hereby terminates all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book stories entitled "Return of the Ant-Man, Part 1," "Return of the Ant-Man, Part 2: An Army of Ants!," and "Return of the Ant-Man, Part 3: The Ant-Man's Revenge!," which were authored or co-authored by Larry Lieber and published in *Tales to Astonish* Vol. 1, No. 35, and sets forth in connection therewith the following:

      1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104; Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500

South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale, CA 91201. Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by First Class Mail, postage pre-paid to the above grantees or successors at the addresses shown.

2.      The copyrighted works (the "Works") to which this Notice of Termination applies are the illustrated comic book stories entitled "Return of the Ant-Man, Part 1," "Return of the Ant-Man, Part 2: An Army of Ants!," and "Return of the Ant-Man, Part 3: The Ant-Man's Revenge!," authored or co-authored by Larry Lieber,[1] which were published and embodied in *Tales to Astonish* Vol. 1, No. 35, (and includes this issue's cover page), which issue was registered with the U.S. Copyright Office by Vista Publications, Inc. on June 5, 1962 under Copyright Registration No. B975407, renewed on November 20, 1990 under Copyright Renewal Registration No. RE0000497752, and includes all the characters, story elements, and/or indicia appearing therein.[2]

3.      The grant and/or transfer to which this Notice of Termination applies is made in that certain copyright assignment(s) on the back of the check(s) issued by Marvel Entertainment, LLC's predecessor company to Larry Lieber with respect to the above-listed Works, which was

---

[1] This Notice of Termination also applies to all material authored or co-authored by Larry Lieber (in any and all medium(s), whenever created) that was reasonably associated with the Works, and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with the Works, including, without limitation, Ant-Man (a.k.a. Dr. Henry Pym) and Ant-Man's Ants. Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of the Works to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Larry Lieber might have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

2

dated on or about the time of the respective publication of such Works.[3]

    4.      The effective date of termination shall be June 2, 2023.

    5.      Larry Lieber, as an author of the Works, is entitled to exercise his termination rights pursuant to 17 U.S.C. § 304(c), as to the grant(s) identified herein. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

Dated: June 1, 2021                  TOBEROFF & ASSOCIATES, P.C.

                                            _____

                                            Marc Toberoff

                                            23823 Malibu Road, Suite 50-363
                                            Malibu, California 90265
                                            Tel: (310) 246-3333

                                            As counsel for and on behalf of Larry Lieber

---

[3] This Notice of Termination also applies to each and every grant or alleged grant by Larry Lieber of rights under copyright in and to the Works that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 1st day of June, 2021, by First Class Mail,

postage prepaid, upon each of the following:

Marvel Entertainment, LLC
Marvel Worldwide, Inc.
Marvel Property, Inc.
Marvel Characters, Inc.
1290 Avenue of the Americas
New York, NY 10104
Attn: John Turitzin, Chief Counsel
     Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC
MVL Rights, LLC
MVL Development, LLC
Marvel Characters, Inc.
500 South Buena Vista Street
Burbank, CA 91521
Attn: David Galluzzi, Chief Counsel

The Walt Disney Company
500 South Buena Vista Street
Burbank, CA 91521
Attn: Alan Braverman, General Counsel

Marvel Animation Inc.
623 Circle Seven Drive
Glendale, CA 91201
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st

day of June, 2021, at Malibu, California.

Breck Kadaba
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Counsel for Larry Lieber

4

# NOTICE OF TERMINATION

## "THE MIGHTY THOR"

To:  Marvel Entertainment, LLC  
     Marvel Worldwide, Inc.  
     Marvel Property, Inc.  
     Marvel Characters, Inc.  
     1290 Avenue of the Americas  
     New York, NY 10104  
     Attn: John Turitzin, Chief Counsel  
         Eli Bard, Deputy Chief Counsel

     Marvel Studios, LLC  
     MVL Rights, LLC  
     MVL Development, LLC  
     Marvel Characters, Inc.  
     500 South Buena Vista Street  
     Burbank, CA 91521  
     Attn: David Galluzzi, Chief Counsel

     The Walt Disney Company  
     500 South Buena Vista Street  
     Burbank, CA 91521  
     Attn: Alan Braverman, General Counsel

     Marvel Animation Inc.  
     623 Circle Seven Drive  
     Glendale, CA 91201  
     Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, Larry Lieber, being the person entitled to terminate copyright transfers pursuant to said statutory provisions, hereby terminates all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book story featuring The Mighty Thor, which was authored or co-authored by Larry Lieber and published in "*Journey Into Mystery* Vol. 1, No. 83," and sets forth in connection therewith the following:

1.     The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104; Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500 South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena

Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale, CA 91201. Pursuant to 37 C.F.R. § 201.10(d), service of this notice is being made by First Class Mail, postage pre-paid to the above grantees or successors at the addresses shown.

2.      The copyrighted work (the "Work") to which this Notice of Termination applies is the illustrated three-part comic book story featuring The Mighty Thor, authored or co-authored by Larry Lieber,[1] which was published and embodied in *Journey Into Mystery* Vol. 1, No. 83, (and includes this issue's cover page), which issue was registered with the U.S. Copyright Office by Atlas Magazines, Inc. on June 5, 1962 under Copyright Registration No. B975408, renewed on November 20, 1990 under Copyright Renewal Registration No. RE0000497753, and includes all the characters, story elements, and/or indicia appearing therein.[2]

3.      The grant and/or transfer to which this Notice of Termination applies is made in that certain copyright assignment(s) on the back of the check(s) issued by Marvel Entertainment, LLC's predecessor company to Larry Lieber with respect to the above-listed Work, which was

---

[1] This Notice of Termination also applies to all material authored or co-authored by Larry Lieber (in any and all medium(s), whenever created) that was reasonably associated with the Work and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with the Work including, without limitation, Thor (a.k.a. Dr. Donald Blake), Gorr, Korg, Margus, Odin, and the Kronans. Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of the Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Larry Lieber might have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

2

dated on or about the time of the respective publication of such Work.[3]

    4.       The effective date of termination shall be June 2, 2023.

    5.       Larry Lieber, as an author of the Work, is entitled to exercise his termination rights pursuant to 17 U.S.C. § 304(c), as to the grant(s) identified herein. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

Dated:  June 1, 2021                TOBEROFF & ASSOCIATES, P.C.

                                  Marc Toberoff

                                  23823 Malibu Road, Suite 50-363
                                  Malibu, California 90265
                                  Tel: (310) 246-3333

                                  As counsel for and on behalf of Larry Lieber

---

[3] This Notice of Termination also applies to each and every grant or alleged grant by Larry Lieber of rights under copyright in and to the Work that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 1st day of June, 2021, by First Class Mail,

postage prepaid, upon each of the following:

To:   Marvel Entertainment, LLC       Marvel Studios, LLC
       Marvel Worldwide, Inc.          MVL Rights, LLC
       Marvel Property, Inc.           MVL Development, LLC
       Marvel Characters, Inc.         Marvel Characters, Inc.
       1290 Avenue of the Americas    500 South Buena Vista Street
       New York, NY 10104          Burbank, CA 91521
       Attn: John Turitzin, Chief Counsel   Attn: David Galluzzi, Chief Counsel
           Eli Bard, Deputy Chief Counsel

       The Walt Disney Company      Marvel Animation Inc.
       500 South Buena Vista Street    623 Circle Seven Drive
       Burbank, CA 91521           Glendale, CA 91201
       Attn: Alan Braverman, General Counsel  Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st

day of June, 2021, at Malibu, California.

Breck Kadaba
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Counsel for Larry Lieber

4

# NOTICE OF TERMINATION

## "ANT-MAN"

To: Marvel Entertainment, LLC           Marvel Studios, LLC
Marvel Worldwide, Inc.            MVL Rights, LLC
Marvel Property, Inc.              MVL Development, LLC
Marvel Characters, Inc.            Marvel Characters, Inc.
1290 Avenue of the Americas    500 South Buena Vista Street
New York, NY 10104          Burbank, CA 91521
Attn: John Turitzin, Chief Counsel  Attn: David Galluzzi, Chief Counsel
     Eli Bard, Deputy Chief Counsel

The Walt Disney Company      Marvel Animation Inc.
500 South Buena Vista Street     623 Circle Seven Drive
Burbank, CA 91521           Glendale, CA 91201
Attn: Alan Braverman, General Counsel  Attn: Legal Department

     PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright

Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37

C.F.R. § 201.10, Larry Lieber, being the person entitled to terminate copyright transfers pursuant

to said statutory provisions, hereby terminates all pre-January 1, 1978 exclusive or non-exclusive

grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book

stories (many featuring Ant-Man), authored or co-authored by Larry Lieber and published in the

TALES TO ASTONISH comic book issues, all as set forth below:

     1.     The names and addresses of the grantees and/or successors in title whose rights are

being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel

Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104;

Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500

South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena

Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale, CA 91201. Pursuant to 37 C.F.R. Section 201.10(d), service of this notice is being made by First Class Mail, postage pre-paid to the above grantees or successors at the addresses shown.

2.     Each copyrighted work to which this Notice of Termination applies (individually, the "Work"; collectively, the "Works") are the illustrated comic book stories (many featuring Ant-Man), authored or co-authored by Larry Lieber, along with all the characters, story elements, and/or indicia appearing therein, which stories were published and embodied in the comic book issues identified as follows[1]:

| Title | Copyright Claimant[2] | Date Copyright Secured | Copyright Registration No. | Copyright Renewal Registration No. |
|-------|-----------------------|------------------------|----------------------------|-------------------------------------|
| *Tales to Astonish* # 36 | Vista Publications, Inc | 7/10/1962 | B982808 | RE497795 |
| *Tales to Astonish* # 37 | Vista Publications, Inc. | 8/2/1962 | B988514 | RE497995 |
| *Tales to Astonish* # 38 | Vista Publications, Inc. | 9/11/1962 | B992189 | RE499443 |
| *Tales to Astonish* # 39 | Vista Publications, Inc. | 10/2/1962 | B999783 | RE499469 |
| *Tales to Astonish* # 40 | Vista Publications, Inc. | 11/8/1962 | B6026 | RE498029 |
| *Tales to Astonish* # 41 | Vista Publications, Inc. | 12/3/1962 | B12122 | RE498066 |

---

[1] This Notice of Termination also applies to all material authored or co-authored by Larry Lieber (in any and all medium(s), whenever created) that was reasonably associated with these Works and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with these Works, including, without limitation, Ant-Man (a.k.a. Dr. Henry Pym), Ant-Man's Ants, Protector, Wasp (a.k.a. Janet Van Dyne), Comrade X, Egghead (a.k.a. Elihas Starr), Scarlet Beetle, the Hijacker (a.k.a. Howard Mitchell), Kulla, Ben Carter, The Voice (a.k.a. Jason Cragg), Tommy Weems, Giant-Man (a.k.a. Dr. Henry Pym), Iron Man (a.k.a. Tony Stark), Thor (a.k.a. Dr. Donald Blake), and Time Master. Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of each Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Larry Lieber may have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

2

| | | | | |
|---|---|---|---|---|
| *Tales to Astonish* # 42 | Vista Publications, Inc. | 1/10/1963 | B16382 | RE497817 |
| *Tales to Astonish* # 43 | Vista Publications, Inc. | 2/5/1963 | B23461 | RE559171 |
| *Tales to Astonish* # 46 | Vista Publications, Inc. | 5/2/1963 | B37739 | RE559195 |
| *Tales to Astonish* # 47 | Vista Publications, Inc. | 6/4/1963 | B45556 | RE559202 |
| *Tales to Astonish* # 48 | Vista Publications, Inc. | 7/2/1963 | B50164 | RE559214 |
| *Tales to Astonish* # 49 | Vista Publications, Inc. | 8/1/1963 | B57878 | RE559229 |
| *Tales to Astonish* # 50 | Vista Publications, Inc. | 9/3/1963 | B61940 | RE559242 |
| *Tales to Astonish* # 51 | Vista Publications, Inc. | 10/1/1963 | B66786 | RE559253 |
| *Tales to Astonish* # 52 | Vista Publications, Inc. | 11/5/1963 | B72342 | RE559312 |
| *Tales to Astonish* # 53 | Vista Publications, Inc. | 12/2/1963 | B79624 | RE559320 |
| *Tales to Astonish* # 54 | Vista Publications, Inc. | 1/3/1964 | B86105 | RE559329 |
| *Tales to Astonish* # 55 | Vista Publications, Inc. | 2/4/1964 | B93250 | RE559337 |
| *Tales to Astonish* # 56 | Vista Publications, Inc. | 3/3/1964 | B96827 | RE599649 |
| *Tales to Astonish* # 57 | Vista Publications, Inc. | 4/2/1964 | B102936 | RE599656 |
| *Tales to Astonish* # 58 | Vista Publications, Inc. | 5/5/1964 | B112129 | RE599663 |

3.      The grant(s) and/or transfer(s) to which this Notice of Termination applies is (are) made in that (those) certain copyright assignments on the back of the check(s) issued by Marvel Entertainment, LLC's predecessor company(ies) to Larry Lieber with respect to the above-listed Works, which were dated on or about the time of the respective publication of such Works.[3]

4.      The effective date of termination shall be June 4, 2023.

5.      Larry Lieber, as an author of the Works, is entitled to exercise his termination rights pursuant to 17 U.S.C. § 304(c), as to the grant(s) identified hereinabove. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

/ / /

/ / /

/ / /

---

[3] This Notice of Termination also applies to each and every grant or alleged grant by Larry Lieber of rights under copyright in and to the Works that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer

Dated:  June 3, 2021                     TOBEROFF & ASSOCIATES, P.C.

_____

Marc Toberoff

23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: (310) 246-3333

 As counsel for and on behalf of Larry Lieber

4

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 3rd day of June, 2021, by First Class Mail,

postage prepaid, upon each of the following:

Marvel Entertainment, LLC
Marvel Worldwide, Inc.
Marvel Property, Inc.
Marvel Characters, Inc.
1290 Avenue of the Americas
New York, NY 10104
Attn: John Turitzin, Chief Counsel
  Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC
MVL Rights, LLC
MVL Development, LLC
Marvel Characters, Inc.
500 South Buena Vista Street
Burbank, CA 91521
Attn: David Galluzzi, Chief Counsel

The Walt Disney Company
500 South Buena Vista Street
Burbank, CA 91521
Attn: Alan Braverman, General Counsel

Marvel Animation Inc.
623 Circle Seven Drive
Glendale, CA 91201
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd

day of June, 2021, at Malibu, California.

Breck Kadaba
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Counsel for Larry Lieber

5

## NOTICE OF TERMINATION

## "THE MIGHTY THOR"

To: Marvel Entertainment, LLC  
    Marvel Worldwide, Inc.  
    Marvel Property, Inc.  
    Marvel Characters, Inc.  
    1290 Avenue of the Americas  
    New York, NY 10104  
    Attn: John Turitzin, Chief Counsel  
         Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC  
MVL Rights, LLC  
MVL Development, LLC  
Marvel Characters, Inc.  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: David Galluzzi, Chief Counsel

The Walt Disney Company  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: Alan Braverman, General Counsel

Marvel Animation Inc.  
623 Circle Seven Drive  
Glendale, CA 91201  
Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, Larry Lieber, being the person entitled to terminate copyright transfers pursuant to said statutory provisions, hereby terminates all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book stories (many featuring the Mighty Thor), authored or co-authored by Larry Lieber and published in the JOURNEY INTO MYSTERY comic book issues, all as set forth below:

    1.    The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104; Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500 South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale,

CA 91201. Pursuant to 37 C.F.R. § 201.10(d), service of this notice is being made by First Class

Mail, postage pre-paid to the above grantees or successors at the addresses shown.

    2.    The copyrighted works to which this Notice of Termination applies (individually,

the "Work"; collectively, the "Works") are the illustrated comic book stories (many featuring the

Mighty Thor), authored or co-authored by Larry Lieber, along with all the characters, story

elements, and/or indicia appearing therein, which stories were published and embodied in the

comic book issues identified as follows[1]:

| Title | Copyright Claimant[2] | Date Copyright Secured | Copyright Registration No. | Copyright Renewal Registration No. |
|---|---|---|---|---|
| *Journey Into Mystery* # 84 | Atlas Magazines, Inc. | 7/3/1962 | B982810 | RE497797 |
| *Journey Into Mystery* # 85 | Atlas Magazines, Inc. | 8/2/1962 | B988515 | RE497996 |
| *Journey Into Mystery* # 86 | Atlas Magazines, Inc. | 9/4/1962 | B992974 | RE499447 |
| *Journey Into Mystery* # 87 | Atlas Magazines, Inc. | 10/2/1962 | B999782 | RE499468 |
| *Journey Into Mystery* # 88 | Atlas Magazines, Inc. | 11/1/1962 | B6034 | RE498035 |
| *Journey Into Mystery* # 89 | Atlas Magazines, Inc. | 12/3/1962 | B12115 | RE498059 |
| *Journey Into Mystery* # 90 | Atlas Magazines, Inc. | 1/3/1963 | B17481 | RE497820 |
| *Journey Into Mystery* # 91 | Atlas Magazines, Inc. | 2/5/1963 | B23462 | RE559172 |

[1] This Notice of Termination also applies to all material authored or co-authored by Larry Lieber (in any and all medium(s), whenever created) that was reasonably associated with these Works and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with these Works, including, without limitation, Thor (a.k.a. Dr. Donald Blake), Gorr, Korg, Margus, the Kronans, Jane Foster, Roger Graham, Comrade Executioner, Loki, Heimdall, Odin, Balder, Tyr, Artur Zarrko (a.k.a. Tomorrow Man), Thaddeus Ross, Dr. John Blandings, Sylvia Blandings, Achilles, Edward Harrison, Ruby Mortensen, Andrew "Thug" Thatcher, the Xartans, Ugarth, Zano, Mayor Harris, the Valkyries, Valtrauta, Hildegarde, Sandu, the Asgardians, Giant-Man (a.k.a. Dr. Henry Pym), Wasp (a.k.a. Janet Van Dyne), and Iron Man (a.k.a. Tony Stark). Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of each Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Larry Lieber may have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

| *Journey Into Mystery* # 92 | Atlas Magazines, Inc. | 3/5/1963 | B28145 | RE559178 |
| *Journey Into Mystery* # 93 | Atlas Magazines, Inc. | 4/2/1963 | B32696 | RE559185 |
| *Journey Into Mystery* # 94 | Atlas Magazines, Inc. | 5/2/1963 | B38263 | RE559200 |
| *Journey Into Mystery* # 95 | Atlas Magazines, Inc. | 6/4/1963 | B45557 | RE559203 |
| *Journey Into Mystery* # 96 | Atlas Magazines, Inc. | 7/2/1963 | B50171 | RE559221 |
| *Journey Into Mystery* # 97 | Atlas Magazines, Inc. | 8/1/1963 | B57880 | RE559231 |
| *Journey Into Mystery* # 98 | Atlas Magazines, Inc. | 9/3/1963 | B61947 | RE559245 |
| *Journey Into Mystery* # 99 | Atlas Magazines, Inc. | 10/1/1963 | B72283 | RE559259 |
| *Journey Into Mystery* # 100 | Atlas Magazines, Inc. | 11/5/1963 | B72344 | RE559314 |
| *Journey Into Mystery* # 101 | Atlas Magazines, Inc. | 12/2/1963 | B79623 | RE559319 |
| *Journey Into Mystery* # 102 | Atlas Magazines, Inc. | 1/3/1964 | B86117 | RE559336 |
| *Journey Into Mystery* # 103 | Atlas Magazines, Inc. | 2/4/1964 | B93257 | RE599637 |
| *Journey Into Mystery* # 104 | Atlas Magazines, Inc. | 3/3/1964 | B96825 | RE599647 |

3.      The grant(s) and/or transfer(s) to which this Notice of Termination applies is (are) made in that (those) certain copyright assignments on the back of the check(s) issued by Marvel Entertainment, LLC's predecessor company(ies) to Larry Lieber with respect to the above-listed Works, which were dated on or about the time of the respective publication of such Works.[3]

4.      The effective date of termination shall be June 4, 2023.

5.      Larry Lieber, as an author of the Works, is entitled to exercise his termination rights pursuant to 17 U.S.C. § 304(c), as to the grant(s) identified hereinabove. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

Dated:  June 3, 2021

TOBEROFF & ASSOCIATES, P.C.

Marc Toberoff
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: (310) 246-3333

As counsel for and on behalf of Larry Lieber

---

[3] This Notice of Termination also applies to each and every grant or alleged grant by Larry Lieber of rights under copyright in and to the Works that fall within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

3

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 3rd day of June, 2021, by First Class Mail,

postage prepaid, upon each of the following:

To:  Marvel Entertainment, LLC          Marvel Studios, LLC
     Marvel Worldwide, Inc.             MVL Rights, LLC
     Marvel Property, Inc.              MVL Development, LLC
     Marvel Characters, Inc.           Marvel Characters, Inc.
     1290 Avenue of the Americas        500 South Buena Vista Street
     New York, NY 10104                 Burbank, CA 91521
     Attn: John Turitzin, Chief Counsel   Attn: David Galluzzi, Chief Counsel
          Eli Bard, Deputy Chief Counsel

     The Walt Disney Company            Marvel Animation Inc.
     500 South Buena Vista Street       623 Circle Seven Drive
     Burbank, CA 91521                  Glendale, CA 91201
     Attn: Alan Braverman, General Counsel   Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd

day of June, 2021, at Malibu, California.

Breck Kadaba
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Counsel for Larry Lieber

4

# NOTICE OF TERMINATION

## "IRON MAN"

To:  Marvel Entertainment, LLC  Marvel Studios, LLC
     Marvel Worldwide, Inc.  MVL Rights, LLC
     Marvel Property, Inc.  MVL Development, LLC
     Marvel Characters, Inc.  Marvel Characters, Inc.
     1290 Avenue of the Americas  500 South Buena Vista Street
     New York, NY 10104  Burbank, CA 91521
     Attn: John Turitzin, Chief Counsel  Attn: David Galluzzi, Chief Counsel
          Eli Bard, Deputy Chief Counsel

     The Walt Disney Company  Marvel Animation Inc.
     500 South Buena Vista Street  623 Circle Seven Drive
     Burbank, CA 91521  Glendale, CA 91201
     Attn: Alan Braverman, General Counsel  Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, Larry Lieber, being the person entitled to terminate copyright transfers pursuant to said statutory provisions, hereby terminates all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book story entitled "Iron Man is Born!," authored or co-authored by Larry Lieber and published in *Tales of Suspense* Vol. 1, No. 39, and sets forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104; Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500 South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale,

CA 91201. Pursuant to 37 C.F.R. § 201.10(d), service of this notice is being made by First Class

Mail, postage pre-paid to the above grantees or successors at the addresses shown.

    2.    The copyrighted work (the "Work") to which this Notice of Termination applies is

the illustrated comic book story entitled "Iron Man is Born!," authored or co-authored by Larry

Lieber,[1] which was published and embodied in *Tales of Suspense* Vol. 1, No. 39, (the Work

includes this issue's cover page), which issue was registered with the U.S. Copyright Office by

Vista Publications, Inc. on December 10, 1962 under Copyright Registration No. B12121, renewed

on November 20, 1990 under Copyright Renewal Registration No. RE0000498065, and includes

all the characters, story elements, and/or indicia appearing therein.[2]

    3.    The grant(s) and/or transfer(s) to which this Notice of Termination applies is (are)

made in that/those certain copyright assignment(s) on the back of the check(s) issued by Marvel

Entertainment, LLC's predecessor company to Larry Lieber, regarding the above-listed Work,

which was dated on or about the time of the publication of such Work.[3]

---

[1] This Notice of Termination also applies to all material authored or co-authored by Larry Lieber (in any and all medium(s), whenever created) that was reasonably associated with the Work and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with the Work including, without limitation, Iron Man (a.k.a. Tony Stark), Professor Ho Yinsen, and Wong-Chu. Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of the Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Larry Lieber may have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

[3] This Notice of Termination also applies to each and every grant or alleged grant by Larry Lieber of rights under copyright in and to the Work that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort

4.     The effective date of termination shall be June 5, 2023.

5.     Larry Lieber, as an author of the Work, is entitled to exercise his termination rights pursuant to 17 U.S.C. § 304(c), as to the grant(s) identified herein. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

Dated:  June 4, 2021                           TOBEROFF & ASSOCIATES, P.C.

_____
                                               Marc Toberoff

                                               23823 Malibu Road, Suite 50-363
                                               Malibu, California 90265
                                               Tel: (310) 246-3333

                                               As counsel for and on behalf of Larry Lieber

---

has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 4th day of June, 2021, by First Class Mail,

postage prepaid, upon each of the following:

To:  Marvel Entertainment, LLC
     Marvel Worldwide, Inc.
     Marvel Property, Inc.
     Marvel Characters, Inc.
     1290 Avenue of the Americas
     New York, NY 10104
     Attn: John Turitzin, Chief Counsel
           Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC
MVL Rights, LLC
MVL Development, LLC
Marvel Characters, Inc.
500 South Buena Vista Street
Burbank, CA 91521
Attn: David Galluzzi, Chief Counsel

The Walt Disney Company
500 South Buena Vista Street
Burbank, CA 91521
Attn: Alan Braverman, General Counsel

Marvel Animation Inc.
623 Circle Seven Drive
Glendale, CA 91201
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th

day of June, 2021, at Malibu, California.

Breck Kadaba
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Counsel for Larry Lieber

4

# NOTICE OF TERMINATION

## "THE WIZARD"

To:  Marvel Entertainment, LLC         Marvel Studios, LLC
       Marvel Worldwide, Inc.           MVL Rights, LLC
       Marvel Property, Inc.             MVL Development, LLC
       Marvel Characters, Inc.           Marvel Characters, Inc.
       1290 Avenue of the Americas     500 South Buena Vista Street
       New York, NY 10104            Burbank, CA 91521
       Attn: John Turitzin, Chief Counsel    Attn: David Galluzzi, Chief Counsel
           Eli Bard, Deputy Chief Counsel

       The Walt Disney Company       Marvel Animation Inc.
       500 South Buena Vista Street     623 Circle Seven Drive
       Burbank, CA 91521            Glendale, CA 91201
       Attn: Alan Braverman, General Counsel  Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, Larry Lieber, being the person entitled to terminate copyright transfers by the author pursuant to said statutory provisions, hereby terminates all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book stories, several of which feature the character The Wizard (a.k.a. Bentley Wittman), authored or co-authored by Larry Lieber, and published in the STRANGE TALES comic book issues, all as set forth below:

    1.     The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104; Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500 South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena

Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale, CA 91201. Pursuant to 37 C.F.R. Section 201.10(d), service of this Notice is being made by First Class Mail, postage pre-paid to the above grantees or successors at the addresses shown.

2.      The copyrighted work(s) to which this Notice of Termination applies (individually, "Work"; collectively, the "Works") are the illustrated comic book stor(ies), several of which feature the character The Wizard (a.k.a. Bentley Wittman), authored or co-authored by Larry Lieber[1] along with all the characters, story elements, and/or indicia appearing therein, which stories were published and embodied in the comic book issues identified as follows:

| Title | Copyright Claimant[2] | Date Copyright Secured | Copyright Reg. No. |
|---|---|---|---|
| *Strange Tales* Vol. 1, No. 102 | Vista Publications, Inc. | 8/9/1962 | B988507 |
| *Strange Tales* Vol. 1, No. 103 | Vista Publications, Inc. | 9/11/1962 | B992202 |
| *Strange Tales* Vol. 1, No. 104 | Vista Publications, Inc. | 10/9/1962 | B999792 |
| *Strange Tales* Vol. 1, No. 105 | Vista Publications, Inc. | 11/8/1962 | B6037 |
| *Strange Tales* Vol. 1, No. 106 | Vista Publications, Inc. | 12/10/1962 | B12120 |
| *Strange Tales* Vol. 1, No. 107 | Vista Publications, Inc. | 1/10/1963 | B17484 |
| *Strange Tales* Vol. 1, No. 108 | Vista Publications, Inc. | 2/12/1963 | B22022 |
| *Strange Tales* Vol. 1, No. 109 | Vista Publications, Inc. | 3/12/1963 | B28143 |

---

[1] This Notice of Termination also applies to all material authored or co-authored by Larry Lieber (in any and all medium(s), whenever created) that was reasonably associated with these Works and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with these Works, including, without limitation, The Wizard (Bentley Wittman), Human Torch (a.k.a. Johnny Storm), Invisible Girl (a.k.a. Susan Storm), Destroyer (a.k.a. Charles Stanton), Valeria, Phineas, Theos, Zemu, George Bentley, Paste-Pot Pete (a.k.a. Peter Petruski), Mr. Fantastic (a.k.a. Reed Richards), Thing (a.k.a. Benjamin Grimm), Acrobat (a.k.a. Carl Zante), Miracle Man (a.k.a. Joshua Ayers), Sub-Mariner (a.k.a. Namor), and Dr. Doom (a.k.a. Victor von Doom). Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of each Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Larry Lieber may have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

2

| *Strange Tales* Vol. 1, No. 110 | Vista Publications, Inc. | 4/9/1963 | B34036 |
| *Strange Tales* Vol. 1, No. 111 | Vista Publications, Inc. | 5/9/1963 | B38264 |
| *Strange Tales* Vol. 1, No. 112 | Vista Publications, Inc. | 6/11/1963 | B45565 |
| *Strange Tales* Vol. 1, No. 113 | Vista Publications, Inc. | 7/9/1963 | B51854 |

3.      The express or implied grant(s) and/or transfer(s) to which this Notice of Termination applies was (were) made in that (those) certain copyright assignment(s) on the back of the check(s) issued by Marvel Entertainment, LLC's ("Marvel") predecessor company(ies) to Larry Lieber, with respect to the above-listed Works, which was (were) dated on or about the time of the respective publication of such Works, as well as any other grant(s) regarding the Works by Larry Lieber to Marvel's predecessor(s).[3]

4.      The effective date of termination for each respective Work shall be August 5, 2023.

5.      Larry Lieber, as an author of the Works, is entitled to exercise his termination rights pursuant to 17 U.S.C. § 304(c), as to the grant(s) identified hereinabove. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).


Dated:  August 4, 2021                     TOBEROFF & ASSOCIATES, P.C.

                                           Marc Toberoff

                                           23823 Malibu Road, Suite 50-363
                                           Malibu, California 90265
                                           Tel: (310) 246-3333

                                           As counsel for and on behalf of Larry Lieber

---

[3] This Notice of Termination also applies to each and every grant or alleged grant by Larry Lieber of rights under copyright in and to the Works that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

3

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 4th day of August, 2021, by First Class Mail,

postage prepaid, upon each of the following:

Marvel Entertainment, LLC  
Marvel Worldwide, Inc.  
Marvel Property, Inc.  
Marvel Characters, Inc.  
1290 Avenue of the Americas  
New York, NY 10104  
Attn: John Turitzin, Chief Counsel  
      Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC  
MVL Rights, LLC  
MVL Development, LLC  
Marvel Characters, Inc.  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: David Galluzzi, Chief Counsel

The Walt Disney Company  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: Alan Braverman, General Counsel

Marvel Animation Inc.  
623 Circle Seven Drive  
Glendale, CA 91201  
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th

day of August, 2021, at Malibu, California.

Breck Kadaba  
Toberoff & Associates, P.C.  
23823 Malibu Road, Suite 50-363  
Malibu, California 90265

Counsel for Larry Lieber

4