Exhibit 27

Marc Toberoff (MT 4862)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Keith A. Dettwiler, Executor of the
Estate of Donald L. Heck*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>KEITH A. DETTWILER, in his capacity as Executor of the Estate of Donald L. Heck,<br><br>　　　　　　　Defendant. | Case No.: 1:21-cv-07959-LAK<br><br>Hon. Lewis A. Kaplan<br><br>**DEFENDANT'S ANSWER & COUNTERCLAIM**<br><br><u>DEMAND FOR JURY TRIAL</u> |
| KEITH A. DETTWILER, in his capacity as Executor of the Estate of Donald L. Heck,<br><br>　　　　　　　Counterclaimant,<br>　v.<br><br>MARVEL CHARACTERS, INC. and DOES 1-10, inclusive,<br><br>　　　　　　　Counterclaim-Defendants. | |

## NATURE OF THE ACTION

1.      Defendant Keith A. Dettwiler ("Dettwiler" or Defendant"), as the Executor of the estate of Donald L. Heck ("Don Heck"), admits only that he has exercised Don Heck's termination rights under the United States Copyright Act (the "1976 Act") by serving notices of termination on plaintiff Marvel Characters, Inc. ("MCI" or "Plaintiff") regarding comic book characters and stories created or co-created by Don Heck, and that MCI has brought this civil action for declaratory relief as set forth in its Complaint, but Defendant otherwise denies the allegations in paragraph 1.

2.      Defendant admits only that the district court in *Marvel Worldwide, Inc. v. Kirby*, granted Marvel Worldwide, Inc. summary judgment against the statutory heirs of Jack Kirby, 777 F. Supp. 2d 720 (S.D.N.Y. 2011), *aff'd in part*, 726 F.3d 119 (2d Cir. 2013), and to the extent relevant, if any, respectfully refers the Court to these decisions for their contents, but Defendant otherwise denies the allegations in paragraph 2.

3.      Defendant respectfully refers the Court to *In re Marvel Entertainment Grp.*, 254 B.R. 817 (D. Del. 2000) for its contents, to the extent relevant, if any, but Defendant otherwise denies the allegations in paragraph 3.

4.      Defendant admits only that that MCI has brought this civil action for declaratory relief pursuant to 28 U.S.C. § 2201, as set forth in its Complaint, but Defendant otherwise denies the allegations in paragraph 4.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies the same.

6.      Admitted.

## JURISDICTION AND VENUE

7.      Defendant admits only that Plaintiff purports to bring an action for declaratory

relief under 28 U.S.C. §§ 2201, *et seq*., and under the 1976 Act, 17 U.S.C. §§ 101, *et seq*.

Paragraph 7 otherwise contains conclusions of law as to which no responsive pleading is

required.

8.      Defendant admits only that Dettwiler holds the statutory termination rights of Don

Heck under the 1976 Act. Paragraph 8 otherwise contains conclusions of law as to which no

responsive pleading is required.

9.      Defendant admits that Heck's estate is domiciled in New York. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the other factual

allegations contained in Paragraph 9, and on that basis denies the same. Paragraph 9 otherwise

contains conclusions of law as to which no responsive pleading is required.

## ALLEGATIONS

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 14 and on that basis denies the same. Defendant

respectfully refers the Court to all documents referred to in paragraph 14 for evidence of the

contents thereof.

15.     Defendant admits that between approximately June 4 and July 2, 2021, Dettwiler,

as the Executor of the estate of Don Heck, duly served three notices of termination on MCI and

related entities, pursuant to 17 U.S.C. § 304 (c) and the regulations promulgated thereunder. Defendant otherwise respectfully refers the Court to the documents referred to in paragraph 15 for evidence of the contents thereof.

16.     Defendant admits the allegations in paragraph 16 only to the extent such allegations accurately reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

17.     Defendant admits the allegations in paragraph 17 only to the extent such allegations accurately reflect the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

18.     Admitted.

## COUNT I: ACTION FOR DECLARATORY RELIEF

### [As to the Validity of All Notices]

19.     Defendant re-alleges and incorporates by reference paragraphs 1-18 inclusive of his Answer, as though fully set forth herein.

20.     Admitted.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and on that basis denies the same.

26.     Admitted.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the factual allegations contained in paragraph 27, and on that basis denies the same.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 28, and on that basis denies the same. Paragraph 28 otherwise contains conclusions of law as to which no responsive pleading is required.

29.    Defendant denies the allegations contained in paragraph 29, except admits that MCI purports to seek a declaratory judgment pursuant to 28 U.S.C.§ 2201.

## PRAYER FOR RELIEF

A.    With respect to the relief requested in paragraph A. of the Prayer for Relief, Defendant specifically and generally denies that MCI is entitled to any of the relief requested in said paragraph.

B.    With respect to the relief requested in paragraph B. of the Prayer for Relief, Defendant specifically and generally denies that MCI is entitled to any of the relief requested in said paragraph.

C.    With respect to the relief requested in paragraph C. of the Prayer for Relief, Defendant specifically and generally denies that MCI is entitled to any of the relief requested in said paragraph.

## AFFIRMATIVE DEFENSES

Defendant hereby additionally alleges the following as affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.    The Complaint fails to state a claim upon which the relief sought or any relief could be granted.

4

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

4.      The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unjust enrichment.

## FIFTH AFFIRMATIVE DEFENSE

### (Claim Preclusion)

5.      The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of *res judicata* or claim preclusion.

## SIXTH AFFIRMATIVE DEFENSE

### (Issue Preclusion)

6.      The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of collateral estoppel or issue preclusion.

## SEVENTH AFFIRMATIVE DEFENSE

### (Duress)

7.      Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or

void because of duress.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

8.     Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the Statute of Frauds.

## NINTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

9.     Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because the contract(s) lacked consideration.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

10.     The Complaint and each purported claim therein is barred, in whole or in part, by Plaintiff's failure to bring such claims within the governing statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

12.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

13.    The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of judicial estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

14.    The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of equitable estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Defendant's Termination Notices Not Invalidated by Technical Errors)

15.    Under 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10, Defendant's Termination Notices are not invalidated or curtailed due to technical errors or omissions, if any, since Defendant's intent to terminate all prior grants by Donald L. Heck of his copyright interests in all works listed in the Notices is made clear to Plaintiff in the Termination Notices timely served on Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Against Public Policy)

16.    Any contract alleged in the Complaint which is contrary to public policy is unenforceable, and any relief requested in the Complaint which is contrary to public policy should not be granted.

_____

17.    The Complaint fails to state the claims for relief with sufficient particularity to permit Defendant to discern and raise all appropriate defenses. Defendant may have additional

affirmative defenses available to him, which are not now fully known or of which Defendant is not fully aware. Defendant accordingly reserves the right to amend or supplement this answer with additional affirmative defenses after the same have been ascertained.

FOR THESE REASONS, Defendant prays that the Court dismiss all of Plaintiff's claim(s) and find for Defendant on Plaintiff's Count One, and that Defendant be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act, and pray for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Counterclaimant Keith A. Dettwiler, as Executor of the estate of Donald L. Heck (the "Heck Estate" or "Counterclaimant"), for his Counterclaim against Marvel Characters, Inc. ("MCI" or "Counterclaim-Defendant") alleges as follows:

## NATURE OF THE ACTION

1.      Donald L. Heck ("Don Heck") was a renowned comic book author and artist best known for creating or co-creating characters including but not limited to, "Black Widow," "Iron Man," and "Hawkeye," in various original comic book stories (the "Stories"), published in the 1960s and 1970s by MCI's alleged predecessors. The United States Copyright Act of 1976, 17 U.S.C. §304 (c) ("Section 304(c)"), provides authors such as Don Heck and their estates with the right to recover their fair share of the U.S. copyright to the author's creative work, after a lengthy period, by statutorily terminating *without cause* prior transfer(s) of copyright within delineated time "windows."

2.      On June 4, 2021, June 10, 2021, and July 2, 2021, respectively, the Heck Estate properly availed itself of its termination rights under Section 304(c) by serving MCI and their affiliates, within the prescribed window, with three notices of termination ("Termination

Notices") regarding Don Heck's author or co-author share of the Stories based on his creative material (the "Heck Material"). The Termination Notices become effective in June 2023 to February 2031. This Counterclaim principally seeks a declaratory judgment that the Heck Estate's Termination Notices are valid and effective under the Copyright Act.

3.     The Supreme Court clearly elucidated the objective of the Copyright Act's termination provisions:

> The principal purpose of the [termination right] was to provide added benefits to authors ... to make the rewards for the creativity of authors more substantial. More particularly, the termination right was expressly intended to relieve authors of the consequences of ill-advised and unremunerative grants that had been made before the author had a fair opportunity to appreciate the true value of his work product. That general purpose is plainly defined in the legislative history and, indeed, is fairly inferable from the text of § 304 itself.

*Mills Music, Inc. v. Snyder*, 469 U.S. 153, 172-73 (1985).

4.     Congress recognized that publishers held far greater bargaining power and that, consequently, authors commonly agreed to one-sided grants, precluding them from sharing in their works' success. *Id.* The results were often supremely unfair, as when a work proved to have enduring commercial value but enriched *only* the publisher. Congress thus created termination rights to "safeguard[] authors against unremunerative transfers" made before their works were commercially exploited, and to give them a second chance to obtain a more equitable portion of their works' value when it is no longer conjectural. H.R. Rep. No. 94-1476, at 124; *see also N.Y. Times v. Tasini,* 533 U.S. 483, 496 n.1 (2001) (recognizing Congress' intent to adjust "the author/publisher balance" by an "inalienable authorial right to revoke a copyright transfer").

## JURISDICTION AND VENUE

5.     This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, *et seq*., and under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*. This Court has federal question

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over the Counterclaim-Defendant MCI because MCI is regularly doing business in the State of New York and in this district and maintains contacts within the State of New York and this district.

7.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because MCI is conducting business in this district and is subject to personal jurisdiction in this district.

## PARTIES

8.     Counterclaimant Keith A. Dettwiler is an individual and a citizen of and resides in the State of New York, in the County of Suffolk, and is and at all times has been a citizen of the United States. Counterclaimant is the nephew of Don Heck and the Executor of his estate.

9.     Counterclaimant is informed and believes and based thereon alleges that Counterclaim-Defendant MCI is a Delaware corporation, which has its principal place of business in Burbank, California, and which regularly conducts significant business in the State of New York.

10.    Counterclaimant is informed and believes and based thereon alleges that the fictitiously named Counterclaim-Defendants captioned hereinabove as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the actions, damages, events, transactions, and circumstances alleged herein. The true names and capacities of such fictitiously named Counterclaim-Defendants, whether individual, corporate, associate, or otherwise are presently unknown to Counterclaimant, and Counterclaimant will amend this Counterclaim to assert the true names and capacities of such fictitiously named Counterclaim-Defendants when the same have been ascertained. For convenience, each reference herein to

10

MCI shall also refer to the Doe Counterclaim-Defendants and each of them.

11.    Counterclaimant is informed and believes and based thereon alleges that each of the Counterclaim-Defendant and the Doe Counterclaim-Defendants was the agent, partner, servant, employee, or employer of each other, and that at all times herein mentioned, each of the Counterclaim-Defendant and the Doe Counterclaim-Defendants was acting within the course and scope of such employment, partnership and/or agency and that each is jointly and severally responsible for the damages hereinafter alleged.

**STATUTORY BACKGROUND**

12.    The United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"), provides an author with the inalienable right to recapture the copyright to the author's creative material, after a lengthy waiting period, by statutorily terminating without cause any prior express or implied transfer of such copyright. Termination is easily carried out by serving advance notice of termination on the original grantee or its successors and filing the notice with the U.S. Copyright Office, within delineated time "windows."  17 U.S.C. § 304(c).

13.    Section 304(c) provides for the termination of a pre-1978 transfer of rights under copyright by the author during a five (5) year period commencing fifty-six (56) years after the date the author's work first secured a statutory copyright (by registration or publication, whichever is earlier). *Id*. § 304(c)(3). The requisite notice of termination sets forth the "effective date" of termination, within the five-year termination "window," when the previously transferred rights under U.S. copyright will be recaptured by the author. Notice of termination may be served by the author, or if the author is deceased, by the author's statutorily defined heirs or estate, at any time between ten (10) and two (2) years before the effective termination date. *Id*. § 304(c)(4)(A).

11

14.     True "works made for hire" are the sole exemption from the Copyrights Act's termination provisions. *Id*. § 304(c). Whether a work, created and published prior to January 1, 1978, is a "work made for hire," is determined under and is defined in Section 26 of the 1909 Copyright Act. Pub.L. 60-349.

15.     The termination right is the most important authorial right provided by the Copyright Act, short of copyright itself. Congress was therefore very protective of this right and, to that end, enacted a number of provisions to prevent any waiver or encumbrance of an author's termination interest. For instance, "[t]ermination of the [prior copyright] grant may be effected notwithstanding any agreement to the contrary [.]" *Id*. § 304(c)(5).

16.     Furthermore, "[h]armless errors in a [termination] notice that do not materially affect the adequacy of the information required to serve the purposes of . . . section [304(c)] of title 17, U.S.C. . . . shall not render the notice invalid." 37 CFR § 201.10 (e)(1).

17.     Congress also anticipated that the exercise of an author's termination right would usually result in a new license by the author or author's estate to the terminated grantee (here, MCI). To that end, Congress provided that "grantee" with the exclusive opportunity to re-license an author's recaptured copyright "after the notice or termination has been served," but before "the effective date of the termination." 17 U.S.C. § 304(c)(6)(D). The termination provisions thus reflect a deliberate balance of competing interests by Congress.

18.     Under the termination provisions, all "derivative works" created prior to a termination notice's effective termination date "may continue to be" distributed and exploited by the grantee or grantee's successor, just as before. 17 U.S.C. § 304(c)(6)(A). The Heck Estate's recovery of Don Heck's author or co-author share of the U.S. copyright to the Stories therefore does not prevent MCI and/or its licensees from continuing to freely exploit prior derivative

works, including films, television series and merchandising.

19.     In addition, as to the Stories that were *co-authored* by Don Heck, MCI and/or its licensees can continue to freely exploit such Stories, including in new derivative works, even *after* the effective termination date(s), subject only to a duty to account to the Heck Estate for an equitable share of proceeds therefrom, and this only in the unlikely event MCI does not enter into a preemptive new license with the estate regarding such works.

20.     Lastly, because the Copyright Act has *no extra-territorial application*, all rights to the Stories in all foreign territories, remain with MCI, notwithstanding the Termination Notices, providing additional incentives for the parties to cooperatively work together in the future.

21.     As a result, the Termination Notices, if held effective, will likely result in a new license from the Heck Estate to MCI, but one which more fairly reflects the time-tested market value of Don Heck's creative material. Accordingly, the exercise of statutory termination rights does not prevent the further exploitation of these works by MCI; it simply allows the Heck Estate to fairly participate in the financial benefits of Don Heck's creative efforts, just as Congress intended. H.R. Rep. No. 94-1476, at 124 (1976).

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Don Heck is considered one of the great comic book creators, and throughout his career he authored or co-authored numerous original illustrated comic book stories that were published by a variety of different publishers.

### Don Heck's Creation of the Stories in 1962-1975

23.     Between 1962 and 1975 (the applicable "Period"), Don Heck created or co-created a number of superhero characters, including but not limited to "Black Widow," "Iron Man," and "Hawkeye," in the original illustrated comic book Stories, authored or co-authored by

him, which are the subjects of the Heck Estate's Termination Notices.

24.     Because "work for hire" is the *only* exception to the Copyright Act's remedial

termination provisions, MCI attempts to rewrite history in asserting that the Heck Material was

"work made for hire," owned at inception by MCI's alleged predecessors. This bears no relation,

however, to the facts or realities of comic book publishing in the relevant Period.

25.     By 1959, comic book publishing was on the brink of bankruptcy, due in large part

to criticism in Fredric Wertham's book, "Seduction of the Innocent," the ensuing 1954 hearings

before the Senate Subcommittee on Juvenile Delinquency, and the resulting censorship imposed

by the "Comics Code Authority." Subsequently, the market for comic books underwent a severe

contraction which endured well into the 1960s.

26.     As such, the purported comic book publishing entities which MCI alleges are its

predecessor(s) from the 1960s (individually and collectively, "MCIPP") were largely shell

companies, of no resemblance to the structured, established company Marvel is today.

27.     In 1962-63, for instance, the MCIPP did not even have their own office and

consisted of one alleged employee with a small desk behind a partition in a room occupied by

others. By the mid-1960s, the MCIPP had at best a tiny one or two-room office, and very few or

no employees (depending on the MCIPP). The impecunious MCIPP fed the printing presses of

other entities with inexpensive comic book material *purchased* for publication from a variety of

"freelancers," like Don Heck, working from home on their own steam.

28.     The Heck Estate is informed and believes and based thereon alleges that after the

Heck Material was purchased by one such entity, it was published by a different entity in varying

periodicals (e.g., *Tales of Suspense*, Vol. 1., Nos. 34-36, 38-40, 42-47, 50-72, and 80; *The

Avengers*, Vol, 1, Nos. 9-15, 17-40, 45, 47, 108-112, 119-121, and 123; *The Avengers Annual*,

Vol. 1, Nos. 1-2; *Amazing Spider-Man Annual*, Vol. 1, No. 3; *The X-Men*, Vol. 1, No. 45; *Giant-Size Avengers*, Vol. 1, No. 4; *Strange Tales*, Vol. 1, Nos. 101, 103, 105, 140, and 145-148; *Iron Man*, Vol. 1, Nos. 26-31 and 33-37; and *Daredevil*, Vol. 1., Nos 103-106, 109, and 118-119).

29.     The Heck Estate is further informed and believes and based thereon alleges that the copyrights in these periodicals, containing the Stories, were registered with the United States Copyright Office by and in the name of still different entities (e.g., Vista Publications, Inc., Magazine Management Co., Inc., and Marvel Comics Group). As such, there was little continuity or substance to the use or participation of these revolving entities or MCIPP to support MCI's conclusion that the Heck Material qualified as "work made for hire" under and as defined in the 1909 Copyright Act.

30.     Notably, even the MCIPP's contemporaneous copyright registrations by these assorted shell companies did *not* list or describe their copyrighted periodicals or the Stories therein, as "works made for hire," as was common legal practice for copyright registrations of actual "works for hire."

31.     As a freelancer, Don Heck created the Heck Material, used in the Stories he authored or co-authored, largely on his own, and at his own expense. The MCIPP conspicuously never entered into any employment or any other engagement agreement with Don Heck.

32.     Don Heck was *not* employed by any MCIPP, either as a traditional employee *or* even as an independent contractor.

33.     Don Heck was thus not guaranteed a salary, wage, or compensation for his time or services by any MCIPP, which purposefully avoided such legally binding financial obligations. And because the MCIPP had no employment agreement with Don Heck, the MCIPP also had no legal right to control his *creation* of the Heck Material at his home, on his own time, and at his

15

own expense.

34.     The MCIPP, by design, was also under no legal obligation to accept for publication and pay for the material created by Don Heck, or by any other freelancer. Accordingly, like many comic book writers and artists during this time of economic uncertainty, Don Heck worked hand to mouth, at his own premises, using his own instruments and materials, and he thereby bore the entire financial risk of *creating* the Heck Material in question.

35.     Upon completion, Don Heck submitted his material to the MCIPP. If the MCIPP chose, in its sole discretion, to accept it for publication, it purchased the Heck Material by the page. The MCIPP did *not* pay for submitted pages that it rejected, in its sole discretion, nor did it own such rejected material, underscoring that the nature of this was a purchase, as a matter of law, subsequent to creation, and that the Heck Material was not "work made for hire," owned at inception by an MCIPP.

36.     The Heck Estate is informed and believes and based thereon alleges that accordingly, the back of MCIPP checks issued to buy the Heck Material contained a printed legend, which stated that by endorsement of the check, the payee acknowledges his *assignment* of the copyright in his material—the legal opposite of a "work for hire."

37.     Once the MCIPP purchased the Heck Material, it, of course, was free to do with it what it pleased, including any alteration or additions thereto, and the copyright registration of the periodicals containing the Stories authored or co-authored by Don Heck.

38.     The MCIPP did not assign Don Heck stories to illustrate.

39.     Notwithstanding that Don Heck created and plotted his own stories, the MCIPP did not bother to pay him anything for this. Instead, Stan Lee often took the writing credit such that the MCIPP paid him the "writer's share" of money paid to purchase such freelance stories.

40.     Given the above facts and circumstances, the Heck Material was not "work made for hire" for any MCIPP under the 1909 Copyright Act.

**Don Heck's Estate Exercises His Termination Rights under the Copyright Act**

41.     On June 4, 2021, June 10, 2021, and July 2, 2021, respectively, the Heck Estate served by first class mail, postage prepaid, the Termination Notices, pursuant to the Copyright Act, 17 U.S.C. § 304(c) on MCI and its affiliates, duly terminating all express or implied grants or transfers by Don Heck to the MCIPP of his copyright interest in the Stories. Copies of these Termination Notices are attached hereto as Exhibit "A."

42.     The copyrights to the periodicals containing the Stories were renewed, and such renewals served to renew the copyrights to the constituent Stories.

43.     The Termination Notices were drafted and served on MCI and related entities, and submitted to the United States Copyright Office for recordation, all in full compliance with the Copyright Act, 17 U.S.C. § 304(c), and the regulations promulgated thereunder by the Register of Copyrights, 37 C.F.R. § 201.10.

44.     The Termination Notices will terminate, on the respective effective termination dates set forth therein, all operative prior grants or transfers by Don Heck to an MCIPP of his copyright interest as an author or co-author of the Stories.

45.     On the effective termination dates, the Heck Estate will duly recover ownership of Don Heck's copyright interest as an author or co-author of the Stories for their extended renewal terms.

## COUNT ONE

(Declaratory Relief: Termination Notices Are Valid and Effective Under 17 U.S.C. § 304(c))

46.     The Heck Estate re-alleges and incorporates by reference paragraphs 1 through 45

of this Counterclaim inclusive, as though fully set forth herein.

47.    By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between the parties under federal copyright law, concerning the validity and effect of the Termination Notices.

48.    The Heck Estate contends and MCI denies that the Termination Notices are valid and effective under the Copyright Act, 17 U.S.C. § 304(c).

49.    Don Heck was never employed by MCI's alleged predecessor(s) as either an employee or as an independent contractor.

50.    MCI's alleged predecessor(s) therefore had no legal right to control Don Heck's creation of the Heck Material, and once completed, it had no legal obligation to pay Don Heck for his material unless it was accepted, in its sole discretion, for publication.

51.    The Heck Material was therefore not created by Don Heck at the "instance and expense" of MCI's alleged predecessor(s), and instead was purchased subsequent to Don Heck's creation of the material on a freelance basis at his own expense.

52.    The Heck Material, comprising his contribution to the Stories, was therefore by no means "work made for hire" under and as defined in Section 26 of the 1909 Copyright Act. Pub.L. 60-349.

53.    A declaration of the Court is necessary and appropriate at this time so that the parties may know their respective rights and obligations regarding the Termination Notices and Stories.

54.    Accordingly, the Heck Estate seeks pursuant to 28 U.S.C. § 2201 a declaratory judgment from this Court that its Termination Notices are valid and effective under the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, the Heck Estate prays for a judgment against MCI as follows:

1.  For a declaration that its Termination Notices are valid under the Copyright Act, and as to the parties' rights and obligations regarding the Stories;

2.  For reasonable attorney's fees and costs of suit; and

3.  For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: December 7, 2021

By: _____ */s/ Marc Toberoff* _____
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Keith A. Dettwiler*,
Executor of the Estate of Donald L. Heck

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and

Counterclaimant Keith A. Dettwiler hereby demands a trial by jury on each claim for relief

and/or issue that is triable by a jury.

Respectfully submitted,

Date: December 7, 2021                    By: _____ */s/ Marc Toberoff* _____
                                                        Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Keith A. Dettwiler*,
Executor of the Estate of Donald L. Heck

# EXHIBIT A

## NOTICE OF TERMINATION

## "IRON MAN"

To:  Marvel Entertainment, LLC           Marvel Studios, LLC
     Marvel Worldwide, Inc.              MVL Rights, LLC
     Marvel Property, Inc.               MVL Development, LLC
     Marvel Characters, Inc.             Marvel Characters, Inc.
     1290 Avenue of the Americas         500 South Buena Vista Street
     New York, NY 10104                  Burbank, CA 91521
     Attn: John Turitzin, Chief Counsel  Attn: David Galluzzi, Chief Counsel
          Eli Bard, Deputy Chief Counsel

     The Walt Disney Company             Marvel Animation Inc.
     500 South Buena Vista Street        623 Circle Seven Drive
     Burbank, CA 91521                   Glendale, CA 91201
     Attn: Alan Braverman, General Counsel   Attn: Legal Department


PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, Keith A. Dettwiler, Executor of the Estate of Donald L. Heck, being the person entitled to terminate copyright transfers pursuant to said statutory provisions, hereby terminates all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book story entitled "Iron Man is Born!," authored or co-authored by Donald L. Heck (a.k.a. Don Heck) and published in *Tales of Suspense* Vol. 1, No. 39, and sets forth in connection therewith the following:

1.     The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104; Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500 South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena

Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale, CA 91201. Pursuant to 37 C.F.R. § 201.10(d), service of this notice is being made by First Class Mail, postage pre-paid to the above grantees or successors at the addresses shown.

2.      The copyrighted work (the "Work") to which this Notice of Termination applies is the illustrated comic book story entitled "Iron Man is Born!," authored or co-authored by Donald L. Heck (a.k.a. Don Heck),[1] which was published and embodied in *Tales of Suspense* Vol. 1, No. 39, (the Work includes this issue's cover page), which issue was registered with the U.S. Copyright Office by Vista Publications, Inc. on December 10, 1962 under Copyright Registration No. B12121, renewed on November 20, 1990 under Copyright Renewal Registration No. RE0000498065, and includes all the characters, story elements, and/or indicia appearing therein.[2]

3.      The grant(s) and/or transfer(s) to which this Notice of Termination applies is (are) made in that/those certain copyright assignment(s) on the back of the check(s) issued by Marvel Entertainment, LLC's predecessor company to Donald L. Heck, regarding the above-listed Work,

---

[1] This Notice of Termination also applies to all material authored or co-authored by Donald L. Heck (in any and all medium(s), whenever created) that was reasonably associated with the Work and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with the Work including, without limitation, Iron Man (a.k.a. Tony Stark), Professor Ho Yinsen, and Wong-Chu. Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of the Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Keith A. Dettwiler, as Executor of the Estate of Donald L. Heck, may have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

which was dated on or about the time of the publication of such Work.[3]

    4.      The effective date of termination shall be June 5, 2023.

    5.      Donald L. Heck died on February 23, 1995, with no surviving spouse, children or grandchildren. As such, Keith A. Dettwiler, as Executor of the Estate of Donald L. Heck, owns the termination interest of Donald L. Heck pursuant to 17 U.S.C. § 304(c)(2)(D), and is the person entitled to exercise the termination right as to the grant(s) identified herein. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

Dated:  June 4, 2021                  TOBEROFF & ASSOCIATES, P.C.

                                            _____
                                            Marc Toberoff

                                            23823 Malibu Road, Suite 50-363
                                            Malibu, California 90265
                                            Tel: (310) 246-3333

                                            As counsel for and on behalf of Keith A. Dettwiler, Executor of the Estate of Donald L. Heck

---

[3] This Notice of Termination also applies to each and every grant or alleged grant by Donald L. Heck of rights under copyright in and to the Work that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 4th day of June, 2021, by First Class Mail,

postage prepaid, upon each of the following:

To:  Marvel Entertainment, LLC  
      Marvel Worldwide, Inc.  
      Marvel Property, Inc.  
      Marvel Characters, Inc.  
      1290 Avenue of the Americas  
      New York, NY 10104  
      Attn: John Turitzin, Chief Counsel  
           Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC  
MVL Rights, LLC  
MVL Development, LLC  
Marvel Characters, Inc.  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: David Galluzzi, Chief Counsel

The Walt Disney Company  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: Alan Braverman, General Counsel

Marvel Animation Inc.  
623 Circle Seven Drive  
Glendale, CA 91201  
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th

day of June, 2021, at Malibu, California.

Breck Kadaba  
Toberoff & Associates, P.C.  
23823 Malibu Road, Suite 50-363  
Malibu, California 90265

Counsel for Keith A. Dettwiler,  
Executor of the Estate of Donald L. Heck

4

# NOTICE OF TERMINATION

## "BLACK WIDOW"

To:  Marvel Entertainment, LLC           Marvel Studios, LLC
Marvel Worldwide, Inc.              MVL Rights, LLC
Marvel Property, Inc.                 MVL Development, LLC
Marvel Characters, Inc.              Marvel Characters, Inc.
1290 Avenue of the Americas      500 South Buena Vista Street
New York, NY 10104            Burbank, CA 91521
Attn: John Turitzin, Chief Counsel   Attn: David Galluzzi, Chief Counsel
      Eli Bard, Deputy Chief Counsel

The Walt Disney Company        Marvel Animation Inc.
500 South Buena Vista Street      623 Circle Seven Drive
Burbank, CA 91521             Glendale, CA 91201
Attn: Alan Braverman, General Counsel  Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. § 201.10, Michele Hart-Rico and Buz Donato F. Rico III, the widow and son, respectively, of author Donato Francisco Rico II, and Keith A. Dettwiler, the Executor of the Estate of author Donald L. Heck, being the persons entitled to terminate copyright transfers by each author, respectively, pursuant to said statutory provisions, hereby terminate all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to the illustrated comic book stories entitled "The Crimson Dynamo Strikes Again!" and "The Black Widow Strikes Again!," co-authored by Donato Francisco Rico II (a.k.a. Don Rico, a.k.a. N. Korok) and Donald L. Heck (a.k.a. Don Heck), and published in *Tales of Suspense* Vol. 1, Nos. 52 and 53, respectively, and set forth in connection therewith the following:

1.      The names and addresses of the grantees and/or successors in title whose rights are being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel

Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104;

Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500

South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena

Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale,

CA 91201. Pursuant to 37 C.F.R. § 201.10(d), service of this notice is being made by First Class

Mail, postage pre-paid to the above grantees or successors at the addresses shown.

    2.    The copyrighted works (individually, "Work"; collectively, the "Works") to which

this Notice of Termination applies are the illustrated comic book stories entitled "The Crimson

Dynamo Strikes Again!" and "The Black Widow Strikes Again!," co-authored by Donato

Francisco Rico II (a.k.a. Don Rico, a.k.a. N. Korok) and Donald L. Heck (a.k.a. Don Heck),[1] which

were published and embodied in *Tales of Suspense,* Vol. 1, Nos. 52 and 53, respectively (and each

Work includes these issues' respective cover pages). *Tales of Suspense,* Vol. 1, No. 52 was

registered with the U.S. Copyright Office by Vista Publications, Inc. on January 10, 1964, under

Copyright Registration No. B86107, and renewed on December 27, 1991, under Copyright

Renewal Registration No. RE0000559331. *Tales of Suspense,* Vol. 1, No. 53 was registered with

the U.S. Copyright Office by Vista Publications, Inc. on February 11, 1964, under Copyright

Registration No. B93260, and renewed on December 15, 1992, under Copyright Renewal

---

[1] This Notice of Termination also applies to all material authored or co-authored by Donato Francisco Rico II or Donald L. Heck (in any and all medium(s), whenever created) that was reasonably associated with the Works and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with the Works including, Black Widow (a.k.a. Natalia Romanova, a.k.a. Natasha Romanoff), Iron Man (a.k.a. Tony Stark), Crimson Dynamo (a.k.a. Anton Vanko), Boris Turgenov, Happy Hogan, Pepper Potts, Igor, Stansky, Senator Harrington Byrd, and Mata Hari. Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

Registration No. RE0000599639. The Works include all the characters, story elements, and/or indicia appearing therein.[2]

3.     The grant(s) and/or transfer(s) to which this Notice of Termination applies was (were) made in that (those) certain copyright assignments on the back of the check(s) issued by Marvel Entertainment, LLC's ("Marvel") predecessor company(ies) to Donato Francisco Rico II and Donald L. Heck, respectively, with respect to the above-listed Works, which was (were) dated on or about the time of the respective publication of such Works, as well as any other grant(s) regarding the Works by Donato Francisco Rico II and/or Donald L. Heck to Marvel's predecessor(s).[3]

4.     The effective date of termination shall be June 11, 2023.

5.     Donald L. Heck died on February 23, 1995, with no surviving spouse, children or grandchildren. Keith A. Dettwiler, as Executor of the Estate of Donald L. Heck, owns the termination interest of Donald L. Heck pursuant to 17 U.S.C. § 304(c)(2)(D), and is the person entitled to exercise the termination right as to the grant(s) identified herein. Donato Francisco Rico II died on March 27, 1985. His surviving spouse, Michele Hart-Rico, and son, Buz Donato F. Rico

---

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of each Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Michele Hart-Rico, Buz Donato F. Rico III and/or Keith A. Dettwiler, as Executor of the Estate of Donald L. Heck, may have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

[3] This Notice of Termination also applies to each and every grant or alleged grant by Donato Francisco Rico II and/or Donald L. Heck of rights under copyright in and to the Work(s) that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

III, are the persons entitled to exercise the termination right pursuant to 17 U.S.C. § 304(c)(2)(A) and (B), respectively, as to the grant(s) identified herein. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

Dated: June 10, 2021

TOBEROFF & ASSOCIATES, P.C.

Marc Toberoff

23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Tel: (310) 246-3333

As counsel for and on behalf of Michele Hart-Rico, Buz Donato F. Rico III and Keith A. Dettwiler, Executor of the Estate of Donald L. Heck

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 10th day of June, 2021, by First Class Mail,

postage prepaid, upon each of the following:

To:  Marvel Entertainment, LLC
     Marvel Worldwide, Inc.
     Marvel Property, Inc.
     Marvel Characters, Inc.
     1290 Avenue of the Americas
     New York, NY 10104
     Attn: John Turitzin, Chief Counsel
          Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC
MVL Rights, LLC
MVL Development, LLC
Marvel Characters, Inc.
500 South Buena Vista Street
Burbank, CA 91521
Attn: David Galluzzi, Chief Counsel

     The Walt Disney Company
     500 South Buena Vista Street
     Burbank, CA 91521
     Attn: Alan Braverman, General Counsel

Marvel Animation Inc.
623 Circle Seven Drive
Glendale, CA 91201
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th

day of June, 2021, at Malibu, California.

Breck Kadaba
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265

Counsel for Michele Hart-Rico, Buz Donato
F. Rico III and Keith A. Dettwiler, Executor
of the Estate of Donald L. Heck

# NOTICE OF TERMINATION

## "HAWKEYE, IRON MAN, and BLACK WIDOW"

To:  Marvel Entertainment, LLC      Marvel Studios, LLC
Marvel Worldwide, Inc.          MVL Rights, LLC
Marvel Property, Inc.           MVL Development, LLC
Marvel Characters, Inc.        Marvel Characters, Inc.
1290 Avenue of the Americas   500 South Buena Vista Street
New York, NY 10104        Burbank, CA 91521
Attn: John Turitzin, Chief Counsel   Attn: David Galluzzi, Chief Counsel
      Eli Bard, Deputy Chief Counsel

The Walt Disney Company     Marvel Animation Inc.
500 South Buena Vista Street    623 Circle Seven Drive
Burbank, CA 91521         Glendale, CA 91201
Attn: Alan Braverman, General Counsel   Attn: Legal Department

PLEASE TAKE NOTICE that pursuant to Section 304(c) of the United States Copyright

Act (17 U.S.C. § 304(c)) and the regulations issued thereunder by the Register of Copyrights, 37

C.F.R. § 201.10, Keith A. Dettwiler, Executor of the Estate of author Donald L. Heck, being the

person entitled to terminate copyright transfers by the author pursuant to said statutory provisions,

hereby terminates all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or

license of the renewal copyright(s) in and to the illustrated comic book stories, many of which

feature the characters Hawkeye (a.k.a. Clinton Barton), Iron Man (a.k.a. Tony Stark), and/or Black

Widow (a.k.a. Natasha Romanoff), authored or co-authored by Donald L. Heck (a.k.a. Don Heck)

and published in the respective comic book issues listed in paragraph 2 of this Notice, all as set

forth below:

1.      The names and addresses of the grantees and/or successors in title whose rights are

being terminated are as follows: Marvel Entertainment, LLC, Marvel Worldwide, Inc., Marvel

Property, Inc., Marvel Characters, Inc., 1290 Avenue of the Americas, New York, NY 10104;

Marvel Studios, LLC, MVL Rights, LLC, MVL Development, LLC, Marvel Characters, Inc., 500

South Buena Vista Street, Burbank, CA 91521; The Walt Disney Company, 500 South Buena

Vista Street, Burbank, CA 91521; and Marvel Animation Inc., 623 Circle Seven Drive, Glendale,

CA 91201. Pursuant to 37 C.F.R. § 201.10(d), service of this Notice is being made by First Class

Mail, postage pre-paid to the above grantees or successors at the addresses shown.

    2.    The copyrighted work(s) to which this Notice of Termination apply(ies)

(individually, the "Work"; collectively, the "Works") are the illustrated comic book story(ies),

many of which feature the characters Hawkeye (a.k.a. Clinton Barton), Iron Man (a.k.a. Tony

Stark), and/or Black Widow (a.k.a. Natasha Romanoff), authored or co-authored by Donald L.

Heck (a.k.a. Don Heck),[1] along with all the characters, story elements, and/or indicia appearing

---

[1] This Notice of Termination also applies to all material authored or co-authored by Donald L. Heck (in any and all medium(s), whenever created) that was reasonably associated with the Works and was registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the effective date of this Notice of Termination. This Notice of Termination likewise includes any character, story element, or indicia reasonably associated with the Works including, without limitation, Hawkeye (a.k.a. Clinton Barton), Iron Man (a.k.a. Tony Stark), Happy Hogan, Pepper Potts, Black Widow (a.k.a. Natasha Romanoff), Stark Industries characters (Parker, Charlie, Pete, Jim, Evans, Bill Segrist, Jack, Sam, Adams, Gayle, Joe, Mac, Kelsey), Albert Cragg, King Tut-Am-Tut, Silvester J. Meek, Daisy Printwhistle, Ralph Avery, Henry Mathews, Sgt. Ogg, Gargantus, Professor Ford, the Red Barbarian, the Actor, Gregori, Queen Kala, Baxu, the Mad Pharoah, Jack Frost (a.k.a. Gregor Shapanka), Crimson Dynamo (a.k.a. Anton Vanko), Senator Harrington Byrd, Melter (a.k.a. Bruno Horgan), Ms. Glitter, Mandarin, General Ho Lee, Scarecrow (a.k.a. Ebenezer Laughton), Veronica Vogue, Unicorn (a.k.a. Milos Masaryk), Thor (a.k.a. Dr. Donald Blake), Giant-Man (a.k.a. Hank Pym), Wasp (a.k.a. Janet Van Dyne), Captain America (a.k.a. Steve Rogers), Chameleon, Kraven the Hunter, Hellhorse, Black Knight, Inspector Flint, Sergi Amkov, Koto, Axonn-Karr, Phantom (a.k.a. Donald Birch), Brushnev, Weasel Wills, Attuma, the Atlanteans, Dream Master (a.k.a. Luchino Neferia), the Froma (Edam, Gouda, Colby, Havarti), Titanium Man (a.k.a. Boris Bullski), Countess Stephanie de la Spiroza, Doctor Schiller, Mad Thinker, Awesome Android, Wolfgang Brenner, Bucky Barnes, Heinrich Zemo, Wonder Man (a.k.a. Simon Williams), Baron Zemo, Enchantress (a.k.a. Amora), Executioner (a.k.a. Skurge), Rick Jones, Jane Foster, Odin, Radioactive Man, Mysterio, Magneto (a.k.a. Max Eisenhardt), Doctor Doom, Mole Man, Monk (a.k.a. Gordon Keefer), Red Ghost (a.k.a. Ivan Kragoff), Miss Mayhew, Hulk (a.k.a. Bruce Banner), Invisible Girl (a.k.a. Susan Storm), Mister Fantastic (a.k.a. Reed Richards), The Thing (a.k.a. Benjamin Grimm), Human Torch, Count Nefaria, Dr. Hjarmal Svenson, Ogor, the Yirbek, The Watcher (a.k.a. Uatu), Elendil, Scarlet Witch (a.k.a. Wanda Maximoff), Quicksilver (a.k.a. Pietro Maximoff), Minotaur, the Moloids, Leader (a.k.a. Samuel Sterns), Major Glenn Talbot, Edwin Jarvis, Commissar, Major Hoy, Nick Fury, Swordsman (a.k.a. Jacques Duquesne), Hydra, Blackie Barker, Carson Carnival, Zheng Zu, Power Man (a.k.a. Erik Josten), Wonder Man (a.k.a. Simon Williams), Ringmaster (a.k.a. Maynard Tiboldt),

therein, which stories were published and embodied in the comic book issues identified as follows:

| Title | Copyright Claimant[2] | Date Copyright Secured | Copyright Reg. No. |
|---|---|---|---|
| *Tales of Suspense* Vol. 1, No. 34 | Vista Publications, Inc. | 7/10/1962 | B982805 |

Princess Python (a.k.a. Zelda DuBois), Bruto the Strong Man (a.k.a. Bruce Olafson), Cannonball (a.k.a. Jack Pulver), Clown (a.k.a. Eliot Franklin), Ernesto & Luigi Gambonno, Ravonna Renslayer, King Carelius, Kang (a.k.a. Nathanial Richards), Baltag, Rama-Tut, The Beetle (a.k.a. Abner Jenkins), Namor the Sub-Mariner, Collector (a.k.a. Taneleer Tivan), Sam Hill, Chet Brinkley, Goliath (a.k.a. Hank Pym), Major Gordon Carlson, Dr. Yen, Hu Chen, Prince Rey, Keeper of the Flame, Dr. Franz Anton, Bill Foster, the Sons of the Serpent, Supreme Serpent, Living Laser (a.k.a. Arthur Parks), Lucy Barton, the Costa Verde Rebels (Carlos, Juan, Manuel, Valdez), Ultrana, Ixar The Invincible, Hercules, Ares, Jasper Sitwell, Dum-Dum Dugan, Hammerhead, Piledriver, Thunderboot, Diomedes Mares, Amalga-Beast, General Thaddeus Ross, Super-Adaptoid, Dr. Dane Whitman, Toad (a.k.a. Mortimer Toynbee), Vision, Black Panther (a.k.a. T'Challa), Captain Marvel (a.k.a. Mar-Vell), Grim Reaper (a.k.a. Eric Williams), Space Phantom, Immortus, Edwin Jarvis, Imus Champion, Crystal (a.k.a. Crystalia Amaquelin), Lockjaw, Piper, Daredevil (a.k.a. Matthew Murdock), Cyclops (a.k.a. Scott Summers), Marvel Girl (a.k.a. Jean Grey), Professor X (a.k.a. Charles Xavier), Iceman (a.k.a. Bobby Drake), Mastermind (a.k.a. Jason Wyngarde), the Savage Land Mutants, Mantis (a.k.a. Brandt), Lion God (a.k.a. Hathor-Sekhmet), Tom Fagan, Loki Laufeyson, the Zodiac Crime Cartel, Damian Link, Khruul, Star-Stalker (a.k.a. Varanus), Spider-Man (a.k.a. Peter Parker), Aunt May Reilly, J. Jonah Jameson, Frederick Foswell, Ultimo, Scarlet Centurion (a.k.a. Nathaniel Richards), Angel (a.k.a Warren Worthington III), Beast (a.k.a. Henry McCoy), Doctor Strange (a.k.a. Stephen Strange), Gabriel Jones, Mister Hyde (a.k.a. Calvin Zabo), Sandman, Doctor Octopus, Electro, Imperial Hydra (a.k.a. Arnold Brown), Agent G (a.k.a. Laura Brown), Fixer (a.k.a. Norbert Ebersol), Druid (a.k.a. Dredmund Cromwell), Count Bornag Royale, Val-Larr, Shar-Khan, Eddie March, Firebrand (a.k.a. Gary Gilbert), Lyle Bradshaw, Helene Davis, Controller (a.k.a. Basil Sandhurst), Howard Stark, Meredith McCall, Creighton McCall, Eric Thorne, The Overseer, Myrmidion, Professor Goro Watanabe, Fujiko Watanabe, Zoga the Unthinkable, Monster Master, Kevin O'Brien, Mastermind, Bullwhip Grogan, Major Hubert Ffoulkes, Kathy Ffoulkes, Spymaster (a.k.a. Ted Calloway), Marya Penskiyov, Samson Washington, Farley London, Godfried Herter, Roger Phillips, Belinda Thompkins, Janice Cord, Madame Masque (a.k.a. Giuletta Nefaria), Foggy Nelson, Marianne Rodgers, Ramrod, Klark, Foreman, C-1, the Changers, S'Tan'D'Ard, Ivan Petrovich, Kerwin Broderick, Moondragon (a.k.a .Heather Douglas), Jason Sloan, Paul Carson, Lucretia Jones, Terrex, Dark Messiah (a.k.a. Mordecai Jones), Angar the Screamer, Ashley Sanders, Kazantra, Emlot, Thanos, Eros, Robert O'Hara, Candace Nelson, Shanna the She-Devil, Beetle (a.k.a. Abner Jenkins), Nekra Sinclair, Biri, Ina, Blackwing (a.k.a. Joseph Manfredi), Crusher (a.k.a. Juan Aponte), Dr. Jakkelburr, Crusher (a.k.a. Caldwell Rozza), Pop Fenton, Father Gawaine, Roscoe Sweeney, and Jack Murdock. Every reasonable effort has been made to find and list herein all such material. Nevertheless, if any such material has been omitted, such omission is unintentional and involuntary, and this Notice also applies to each and every such omitted material.

[2] Pursuant to 37 C.F.R. § 201.10(b)(1)(iii), this Notice of Termination includes the name of at least one author of each Work to which this Notice of Termination applies. The listing herein of any corporation as copyright claimant is done per Copyright Office records, and is not to be construed as an admission that any given work is or was a "work made for hire," nor is anything else herein to be construed as any such admission. Nothing contained in this Notice of Termination shall be construed to in any way limit or waive any right or remedy that Keith A. Dettwiler, as Executor of the Estate of Donald L. Heck, may have, at law or in equity, with respect to the subject matter hereof, all of which is hereby expressly reserved.

3

| | | | |
|---|---|---|---|
| *Tales of Suspense* Vol. 1, No. 35 | Vista Publications, Inc. | 8/9/1962 | B988506 |
| *Tales of Suspense* Vol. 1, No. 36 | Vista Publications, Inc. | 9/11/1962 | B992188 |
| *Tales of Suspense* Vol. 1, No. 38 | Vista Publications, Inc. | 11/8/1962 | B6029 |
| *Tales of Suspense* Vol. 1, No. 40 | Vista Publications, Inc. | 1/10/1963 | B17487 |
| *Tales of Suspense* Vol. 1, No. 42 | Vista Publications, Inc. | 3/12/1963 | B28148 |
| *Tales of Suspense* Vol. 1, No. 43 | Vista Publications, Inc. | 4/9/1963 | B34035 |
| *Tales of Suspense* Vol. 1, No. 44 | Vista Publications, Inc. | 5/9/1963 | B37740 |
| *Tales of Suspense* Vol. 1, No. 45 | Vista Publications, Inc. | 6/11/1963 | B45566 |
| *Tales of Suspense* Vol. 1, No. 46 | Vista Publications, Inc. | 7/9/1963 | B50166 |
| *Tales of Suspense* Vol. 1, No. 47 | Vista Publications, Inc. | 8/8/1963 | B57877 |
| *Tales of Suspense* Vol. 1, No. 50 | Vista Publications, Inc. | 11/12/1963 | B72338 |
| *Tales of Suspense* Vol. 1, No. 51 | Vista Publications, Inc. | 12/9/1963 | B79627 |
| *Tales of Suspense* Vol. 1, No. 54 | Vista Publications, Inc. | 3/10/1964 | B96819 |
| *Tales of Suspense* Vol. 1, No. 55 | Vista Publications, Inc. | 4/9/1964 | B102933 |
| *Tales of Suspense* Vol. 1, No. 56 | Vista Publications, Inc. | 5/12/1964 | B112135 |
| *Tales of Suspense* Vol. 1, No. 57[3] | Vista Publications, Inc. | 6/9/1964 | B127513 |
| *Tales of Suspense* Vol. 1, No. 58 | Vista Publications, Inc. | 7/9/1964 | B121800 |
| *Tales of Suspense* Vol. 1, No. 59 | Vista Publications, Inc. | 8/11/1964 | B129012 |
| *Tales of Suspense* Vol. 1, No. 60 | Vista Publications, Inc. | 9/8/1964 | B136452 |
| *Tales of Suspense* Vol. 1, No. 61 | Vista Publications, Inc. | 10/8/1964 | B140638 |
| *Tales of Suspense* Vol. 1, No. 62 | Vista Publications, Inc. | 11/10/1964 | B147183; B147182 |
| *Tales of Suspense* Vol. 1, No. 63 | Vista Publications, Inc. | 12/10/1964 | B157777 |
| *Tales of Suspense* Vol. 1, No. 64 | Vista Publications, Inc. | 1/12/1965 | B162027 |
| *Tales of Suspense* Vol. 1, No. 65 | Vista Publications, Inc. | 2/11/1965 | B167560 |
| *Tales of Suspense* Vol. 1, No. 66 | Vista Publications, Inc. | 3/11/1965 | B173314 |
| *Tales of Suspense* Vol. 1, No. 67 | Vista Publications, Inc. | 4/8/1965 | B179810 |
| *Tales of Suspense* Vol. 1, No. 68 | Vista Publications, Inc. | 5/11/1965 | B190444 |
| *Tales of Suspense* Vol. 1, No. 69 | Vista Publications, Inc. | 6/8/1965 | B196228 |
| *Tales of Suspense* Vol. 1, No. 70 | Vista Publications, Inc. | 7/8/1965 | B200688 |
| *Tales of Suspense* Vol. 1, No. 71 | Vista Publications, Inc. | 8/10/1965 | B208273 |
| *Tales of Suspense* Vol. 1, No. 72 | Vista Publications, Inc. | 9/9/1965 | B215982 |
| *Tales of Suspense* Vol. 1, No. 80 | Vista Publications, Inc. | 5/10/1966 | B277430 |
| *The Avengers* Vol. 1, No. 9 | Vista Publications, Inc. | 8/11/1964 | B129023 |
| *The Avengers* Vol. 1, No. 10 | Vista Publications, Inc. | 9/8/1964 | B136448 |
| *The Avengers* Vol. 1, No. 11 | Vista Publications, Inc. | 10/8/1964 | B140637 |
| *The Avengers* Vol. 1, No. 12 | Vista Publications, Inc. | 11/10/1964 | B147194 |
| *The Avengers* Vol. 1, No. 13 | Vista Publications, Inc. | 12/10/1964 | B157767 |
| *The Avengers* Vol. 1, No. 14 | Vista Publications, Inc. | 1/12/1965 | B162020 |
| *The Avengers* Vol. 1, No. 15 | Vista Publications, Inc. | 2/11/1965 | B167559 |
| *The Avengers* Vol. 1, No. 17 | Vista Publications, Inc. | 4/8/1965 | B179820 |
| *The Avengers* Vol. 1, No. 18 | Vista Publications, Inc. | 5/11/1965 | B190438 |

---

[3] The character Hawkeye (a.k.a. Clinton Barton) first appears in the illustrated comic book story entitled "Hawkeye, the Marksman!," authored or co-authored by Donald L. Heck (a.k.a. Don Heck), which story was published and embodied in *Tales of Suspense*, Vol. 1, No. 57.

4

| *The Avengers* Vol. 1, No. 19 | Vista Publications, Inc. | 6/8/1965 | B196232 |
|---|---|---|---|
| *The Avengers* Vol. 1, No. 20 | Vista Publications, Inc. | 7/8/1965 | B200685 |
| *The Avengers* Vol. 1, No. 21 | Vista Publications, Inc. | 8/10/1965 | B208269 |
| *The Avengers* Vol. 1, No. 22 | Vista Publications, Inc. | 9/9/1965 | B215972 |
| *The Avengers* Vol. 1, No. 23 | Vista Publications, Inc. | 10/12/1965 | B229407 |
| *The Avengers* Vol. 1, No. 24 | Vista Publications, Inc. | 11/11/1965 | B229428 |
| *The Avengers* Vol. 1, No. 25 | Vista Publications, Inc. | 12/9/1965 | B238355 |
| *The Avengers* Vol. 1, No. 26 | Vista Publications, Inc. | 1/11/1966 | B241515 |
| *The Avengers* Vol. 1, No. 27 | Vista Publications, Inc. | 2/10/1966 | B248222 |
| *The Avengers* Vol. 1, No. 28 | Vista Publications, Inc. | 3/10/1966 | B251728 |
| *The Avengers* Vol. 1, No. 29 | Vista Publications, Inc. | 4/12/1966 | B257747 |
| *The Avengers* Vol. 1, No. 30 | Vista Publications, Inc. | 5/10/1966 | B277439 |
| *The Avengers* Vol. 1, No. 31 | Vista Publications, Inc. | 6/9/1966 | B277444 |
| *The Avengers* Vol. 1, No. 32 | Vista Publications, Inc. | 7/7/1966 | B277406 |
| *The Avengers* Vol. 1, No. 33 | Vista Publications, Inc. | 8/9/1966 | B282916 |
| *The Avengers* Vol. 1, No. 34 | Vista Publications, Inc. | 9/8/1966 | B293900 |
| *The Avengers* Vol. 1, No. 35 | Vista Publications, Inc. | 10/11/1966 | B296617 |
| *The Avengers* Vol. 1, No. 36 | Vista Publications, Inc. | 11/10/1966 | B302930 |
| *The Avengers* Vol. 1, No. 37 | Vista Publications, Inc. | 12/8/1966 | B310284 |
| *The Avengers* Vol. 1, No. 38 | Vista Publications, Inc. | 1/10/1967 | B315404 |
| *The Avengers* Vol. 1, No. 39 | Vista Publications, Inc. | 2/14/1967 | B322263 |
| *The Avengers* Vol. 1, No. 40 | Vista Publications, Inc. | 3/14/1967 | B329292 |
| *The Avengers* Vol. 1, No. 45 | Vista Publications, Inc. | 8/8/1967 | B370526 |
| *The Avengers* Vol. 1, No. 47 | Vista Publications, Inc. and Marvel Comics Group | 10/10/1967 | B463098 |
| *The Avengers* Vol. 1, No. 108 | Magazine Management Co., Inc. and Marvel Comics Group | 10/10/1972 | B796067 |
| *The Avengers* Vol. 1, No. 109 | Magazine Management Co., Inc. and Marvel Comics Group | 11/7/1972 | B800183 |
| *The Avengers* Vol. 1, No. 110 | Marvel Comics Group, a division of Cadence Industries Corp. | 12/12/1972 | B808199 |
| *The Avengers* Vol. 1, No. 111 | Marvel Comics Group, a division of Cadence Industries Corp. | 1/23/1973 | B815040 |
| *The Avengers* Vol. 1, No. 112 | Marvel Comics Group, a division of Cadence Industries Corp. | 2/20/1973 | B825209 |
| *The Avengers* Vol. 1, No. 119 | Marvel Comics Group, a division of Cadence Industries Corporation | 9/11/1973 | B879196 |
| *The Avengers* Vol. 1, No. 120 | Marvel Comics Group, a division of Cadence Industries Corporation | 10/9/1973 | B883948 |
| *The Avengers* Vol. 1, No. 121 | Marvel Comics Group, a division of Cadence Industries Corporation | 11/6/1973 | B891750 |
| *The Avengers* Vol. 1, No. 123 | Marvel Comics Group, a division of Cadence Industries Corporation | 1/15/1974 | B906645 |
| *The Avengers Annual* Vol. 1, No. 1 | Vista Publications, Inc. | 7/11/1967 | B361059 |
| *The Avengers Annual* | Vista Publications, Inc. | 7/16/1968 | B506340 |

| Vol. 1, No. 2 | and Marvel Comics Group | | |
|---|---|---|---|
| *Amazing Spider-Man Annual* Vol. 1, No. 3 | Non-Pariel Pub. Corp. | 8/2/1966 | B282923 |
| *The X-Men* Vol. 1, No. 45 | Canam Publishers Sales Corp. and Marvel Comics Group | 4/9/1968 | B465024 |
| *Giant-Size Avengers* Vol. 1, No. 4 | Marvel Comics Group, a division of Cadence Industries Corporation | 2/11/1975 | B8155 |
| *Strange Tales* Vol. 1, No. 101 | Vista Publications, Inc. | 7/10/1962 | B982809 |
| *Strange Tales* Vol. 1, No. 103 | Vista Publications, Inc. | 9/11/1962 | B992202 |
| *Strange Tales* Vol. 1, No. 105 | Vista Publications, Inc. | 11/8/1962 | B6037 |
| *Strange Tales* Vol. 1, No. 140 | Vista Publications, Inc. | 10/12/1965 | B229414 |
| *Strange Tales* Vol. 1, No. 145 | Vista Publications, Inc. | 3/10/1966 | B251650 |
| *Strange Tales* Vol. 1, No. 146 | Vista Publications, Inc. | 4/12/1966 | B257744 |
| *Strange Tales* Vol. 1, No. 147 | Vista Publications, Inc. | 5/10/1966 | B277438 |
| *Strange Tales* Vol. 1, No. 148 | Vista Publications, Inc. | 6/9/1966 | B277453 |
| *Iron Man* Vol. 1, No. 26 | Magazine Management Co., Inc. and Marvel Comics Group | 2/10/1970 | B576026 |
| *Iron Man* Vol. 1, No. 27 | Magazine Management Co., Inc. and Marvel Comics Group | 3/10/1970 | B578596 |
| *Iron Man* Vol. 1, No. 28 | Magazine Management Co., Inc. and Marvel Comics Group | 4/7/1970 | B586686 |
| *Iron Man* Vol. 1, No. 29 | Magazine Management Co., Inc. and Marvel Comics Group | 5/5/1970 | B598585 |
| *Iron Man* Vol. 1, No. 30 | Magazine Management Co., Inc. and Marvel Comics Group | 6/9/1970 | B598593 |
| *Iron Man* Vol. 1, No. 31 | Magazine Management Co., Inc. and Marvel Comics Group | 7/7/1970 | B609527 |
| *Iron Man* Vol. 1, No. 33 | Magazine Management Co., Inc. and Marvel Comics Group | 9/8/1970 | B619554 |
| *Iron Man* Vol. 1, No. 34 | Magazine Management Co., Inc. and Marvel Comics Group | 10/6/1970 | B630204 |
| *Iron Man* Vol. 1, No. 35 | Magazine Management Co., Inc. and Marvel Comics Group | 11/3/1970 | B631979 |
| *Iron Man* Vol. 1, No. 36 | Magazine Management Co., Inc. and Marvel Comics Group | 12/8/1970 | B638041 |
| *Iron Man* Vol. 1, No. 37 | Magazine Management Co., Inc. and Marvel Comics Group | 1/5/1971 | B648132 |
| *Daredevil* Vol. 1, No. 103 | Marvel Comics Group, a division of Cadence Industries Corporation | 5/8/1973 | B846892 |
| *Daredevil* Vol. 1, No. 104 | Marvel Comics Group, a division of Cadence Industries Corporation | 6/5/1973 | B856874 |
| *Daredevil* Vol. 1, No. 105 | Marvel Comics Group, a division of Cadence Industries Corporation | 7/3/1973 | B857157 |
| *Daredevil* Vol. 1, No. 106 | Marvel Comics Group, a division of Cadence Industries Corporation | 7/31/1973 | B866413 |

| | | | |
|---|---|---|---|
| *Daredevil* Vol. 1, No. 109 | Marvel Comics Group, a division of Cadence Industries Corporation | 1/1/1974 | B906651 |
| *Daredevil* Vol. 1, No. 118 | Marvel Comics Group, a division of Cadence Industries Corporation | 10/8/1974 | B974901 |
| *Daredevil* Vol. 1, No. 119 | Marvel Comics Group, a division of Cadence Industries Corporation | 11/5/1974 | B989055 |

3.      The grant(s) and/or transfer(s) to which this Notice of Termination applies was (were) made in that (those) certain copyright assignment(s) on the back of the check(s) issued by Marvel Entertainment, LLC's ("Marvel") predecessor company(ies) to Donald L. Heck, regarding the above-listed Works, which was (were) dated on or about the time of the publication of such Works, as well as any other grant(s) regarding the Work by Donald L. Heck to Marvel's predecessor(s).[4]

4.      The effective date of termination for each respective Work shall be as follows:

| Title: | Effective Date of Termination: |
|---|---|
| *Tales of Suspense* Vol. 1, No. 34 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 35 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 36 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 38 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 40 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 42 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 43 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 44 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 45 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 46 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 47 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 50 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 51 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 54 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 55 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 56 | July 3, 2023 |

---

[4] This Notice of Termination also applies to each and every grant or alleged grant by Donald L. Heck of rights under copyright in and to the Works that falls within the applicable termination time window (defined by 17 U.S.C. § 304(c) and the effective date of this Notice of Termination). Every reasonable effort has been made to find and list herein every such grant and/or transfer. Nevertheless, if any such grant and/or transfer has been omitted, such omission is unintentional and involuntary, and this Notice of Termination applies as well to each and every such omitted grant and/or transfer.

| *Tales of Suspense* Vol. 1, No. 57 | July 3, 2023 |
|---|---|
| *Tales of Suspense* Vol. 1, No. 58 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 59 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 60 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 61 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 62 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 63 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 64 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 65 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 66 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 67 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 68 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 69 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 70 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 71 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 72 | July 3, 2023 |
| *Tales of Suspense* Vol. 1, No. 80 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 9 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 10 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 11 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 12 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 13 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 14 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 15 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 17 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 18 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 19 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 20 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 21 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 22 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 23 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 24 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 25 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 26 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 27 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 28 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 29 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 30 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 31 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 32 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 33 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 34 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 35 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 36 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 37 | July 3, 2023 |

| *The Avengers* Vol. 1, No. 38 | July 3, 2023 |
|---|---|
| *The Avengers* Vol. 1, No. 39 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 40 | July 3, 2023 |
| *The Avengers* Vol. 1, No. 45 | August 9, 2023 |
| *The Avengers* Vol. 1, No. 47 | October 11, 2023 |
| *The Avengers* Vol. 1, No. 108 | October 11, 2028 |
| *The Avengers* Vol. 1, No. 109 | November 8, 2028 |
| *The Avengers* Vol. 1, No. 110 | December 13, 2028 |
| *The Avengers* Vol. 1, No. 111 | January 24, 2029 |
| *The Avengers* Vol. 1, No. 112 | February 21, 2029 |
| *The Avengers* Vol. 1, No. 119 | September 12, 2029 |
| *The Avengers* Vol. 1, No. 120 | October 10, 2029 |
| *The Avengers* Vol. 1, No. 121 | November 7, 2029 |
| *The Avengers* Vol. 1, No. 123 | January 16, 2030 |
| *The Avengers Annual* Vol. 1, No. 1 | July 12, 2023 |
| *The Avengers Annual* Vol. 1, No. 2 | July 17, 2024 |
| *Amazing Spider-Man Annual* Vol. 1, No. 3 | July 3, 2023 |
| *The X-Men* Vol. 1, No. 45 | April 10, 2024 |
| *Giant-Size Avengers* Vol. 1, No. 4 | February 12, 2031 |
| *Strange Tales* Vol. 1, No. 101 | July 3, 2023 |
| *Strange Tales* Vol. 1, No. 103 | July 3, 2023 |
| *Strange Tales* Vol. 1, No. 105 | July 3, 2023 |
| *Strange Tales* Vol. 1, No. 140 | July 3, 2023 |
| *Strange Tales* Vol. 1, No. 145 | July 3, 2023 |
| *Strange Tales* Vol. 1, No. 146 | July 3, 2023 |
| *Strange Tales* Vol. 1, No. 147 | July 3, 2023 |
| *Strange Tales* Vol. 1, No. 148 | July 3, 2023 |
| *Iron Man* Vol. 1, No. 26 | February 11, 2026 |
| *Iron Man* Vol. 1, No. 27 | March 11, 2026 |
| *Iron Man* Vol. 1, No. 28 | April 8, 2026 |
| *Iron Man* Vol. 1, No. 29 | May 6, 2026 |
| *Iron Man* Vol. 1, No. 30 | June 10, 2026 |
| *Iron Man* Vol. 1, No. 31 | July 8, 2026 |
| *Iron Man* Vol. 1, No. 33 | September 9, 2026 |
| *Iron Man* Vol. 1, No. 34 | October 7, 2026 |
| *Iron Man* Vol. 1, No. 35 | November 4, 2026 |
| *Iron Man* Vol. 1, No. 36 | December 9, 2026 |
| *Iron Man* Vol. 1, No. 37 | January 6, 2027 |
| *Daredevil* Vol. 1, No. 103 | May 9, 2029 |
| *Daredevil* Vol. 1, No. 104 | June 6, 2029 |
| *Daredevil* Vol. 1, No. 105 | July 4, 2029 |
| *Daredevil* Vol. 1, No. 106 | August 1, 2029 |
| *Daredevil* Vol. 1, No. 109 | January 2, 2030 |
| *Daredevil* Vol. 1, No. 118 | October 9, 2030 |
| *Daredevil* Vol. 1, No. 119 | November 6, 2030 |

5.      Donald L. Heck died on February 23, 1995, with no surviving spouse, children or grandchildren. Keith A. Dettwiler, as Executor of the Estate of Donald L. Heck, owns the termination interest of Donald L. Heck pursuant to 17 U.S.C. § 304(c)(2)(D), and is the person entitled to exercise the termination right as to the grant(s) identified herein. This Notice has been signed by all persons needed to terminate said grant(s) under 17 U.S.C. § 304(c).

Dated:  July 2, 2021                          TOBEROFF & ASSOCIATES, P.C.

                                              Marc Toberoff

                                              23823 Malibu Road, Suite 50-363
                                              Malibu, California 90265
                                              Tel: (310) 246-3333

                                              As counsel for and on behalf of Keith A.
                                              Dettwiler, Executor of the Estate of
                                              Donald L. Heck

10

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document described as

NOTICE OF TERMINATION to be served this 2nd day of July, 2021, by First Class Mail,

postage prepaid, upon each of the following:

To: Marvel Entertainment, LLC  
Marvel Worldwide, Inc.  
Marvel Property, Inc.  
Marvel Characters, Inc.  
1290 Avenue of the Americas  
New York, NY 10104  
Attn: John Turitzin, Chief Counsel  
     Eli Bard, Deputy Chief Counsel

Marvel Studios, LLC  
MVL Rights, LLC  
MVL Development, LLC  
Marvel Characters, Inc.  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: David Galluzzi, Chief Counsel

The Walt Disney Company  
500 South Buena Vista Street  
Burbank, CA 91521  
Attn: Alan Braverman, General Counsel

Marvel Animation Inc.  
623 Circle Seven Drive  
Glendale, CA 91201  
Attn: Legal Department

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd

day of July, 2021, at Malibu, California.

_____
Breck Kadaba  
Toberoff & Associates, P.C.  
23823 Malibu Road, Suite 50-363  
Malibu, California 90265

Counsel for Keith A. Dettwiler,  
Executor of the Estate of Donald L. Heck

11