# EXHIBIT 19

CONFIDENTIAL
FOR SETTLEMENT PURPOSES ONLY

Agreement dated as of May 3l, 2008 between Marvel Characters, Inc., a

Delaware corporation, Marvel Entertainment, Inc., a Delaware corporation (collectively

"Marvel"), and Gene Colan ("Colan").

WHEREAS, Colan has rendered creative services for Marvel and/or its

predecessors in interest or assigns, beginning in approximately 1946;

In particular, Colan contributed to Daredevil, Tomb of Dracula, Captain America,

Iron Man and many other Marvel series and created or contributed to the creation of

certain works that were published by Marvel (the "Materials");

WHEREAS, in recognition of Colan's many and valuable contributions to Marvel

and in exchange for the representations made in this Agreement, Marvel wishes to make

a cash payment to Colan in the amount of ████████ ;

WHEREAS, Marvel and Colan wish to confirm that the Materials were created as

works made for hire under section 26 of the Copyright Act of 1909, as amended, and the

Copyright Act of 1976, as amended;

WHEREAS, Marvel is supporting several activities in connection with the Hero

Initiative to increase public recognition of Colan's contributions to Marvel and to raise

funds to benefit Colan, including but not limited to creating limited edition prints and

posters of Colan's work for Marvel; and

WHEREAS, Marvel and Colan desire to resolve any possible disputes between

them arising out of Colan's work for Marvel, his creation or contribution to the Materials,

or for any other obligation of Marvel to Colan;

Accordingly, Marvel and Colan agree to the terms and conditions set forth below:

{00056011 EB}

MARVEL0013407

2021MARVEL-0022743

Colan's Acknowledgment

1.   Colan acknowledges that Marvel is the sole and exclusive owner of all rights, title
and interest in and to the Materials, and all characters embodied in the Materials,
including but not limited to all Character Rights, "Character Rights" means
without limitation, the rights to the name, depiction, distinctive likeness, costume,
characteristics, concepts, any pictorial and/or written graphics, and other intellectual,
literary, moral, and property rights and goodwill relating or referring to the
character.

2.   Marvel Payment

Marvel will make a cash payment to Colan, simultaneously with the execution of
this agreement, in the amount of ▇▇▇▇ ("Marvel Payment").

3.   No Other Right or Interest

Other than the Marvel Payment, Colan acknowledges that he has no right, benefit,
title or interest in or to the Materials or any character, or Character Rights.

4.   Confidentiality

Colan agrees to maintain the communications and negotiation as well as the terms
of this Agreement strictly confidential and not to disclose or reveal their contents to any
person except his accountant, family or legal representatives who are actively and
directly participating in the review of such information on his behalf and to insure that
such persons observe the terms of this Agreement as if they were a party in Colan's place
and not to use such Confidential Materials for any purpose other than in connection with
the enforcement of the terms of this Agreement. If disclosure of Confidential Materials is

{00056011 EB}                                   - 2 -

MARVEL0013408

2021MARVEL-0022744

sought by legal process, Colan will provide Marvel with immediate notice to enable Marvel to seek a protective order or other remedy.

5.      Copyright Assignment

Should any aspect or component of the Materials, or the contribution made thereto by Colan ever be determined not to constitute a work made for hire within the meaning of section 26 of the Copyright Act of 1909, as amended, or the Copyright Act of 1976, as amended, Colan hereby grants to Marvel all of his right, title and interest in and to the copyrights covering the Materials, and irrevocably appoints Marvel as his attorney-in-fact for the execution of any documents necessary to effectuate such an assignment, and at Marvel's request will promptly execute an instrument in a form to be provided by Marvel.

{00056011 EB}                                            - 3 -

CONFIDENTIAL                                                                        MARVEL0013409

Confidential                                                                        2021MARVEL-0022745

6.      Marvel's Rights

Colan acknowledges that Marvel shall have the right to (a) sell or assign any
Materials embodying any contribution of Colan and any revenue derived by Marvel
pursuant to such sale or assignment shall be entirely for Marvel's benefit with no monies
owed to Colan, (b) enter into settlements in regard to any litigation or threatened
litigation concerning the Materials, and (c) maintain any suit or proceeding for the
collection of money or for infringement of Marvel's intellectual property rights, as it may
consider in its sole and absolute discretion.

7.      Rights and Remedies

The rights and remedies of Colan in the event of a breach of Marvel's obligations
hereunder shall be limited to Colan's right to damages, if any, in an action at law, and
subject to the provisions of section 9. In no event shall Colan be entitled, and Colan
expressly waives and relinquishes any right he might have had to seek rescission of this
Agreement or any rights granted to Marvel herein.

{00056011 EB}                                    - 4 -

CONFIDENTIAL                                                                      MARVEL0013410

Confidential                                                                      2021MARVEL-0022746

8.    Mutual Release

Except for the obligations of Marvel and Colan hereunder, which shall survive,

and the obligations of Marvel and Colan under the work for hire agreement between

Colan and Marvel dated June 10, 1978,  April 24, 2008, and any other prior written

agreements between the parties, Marvel and Colan hereby release and discharge one

another and each of their directors, officers, employees, agents, affiliates and their

successors and assigns from all actions, causes of action, suits, debts, sums of money,

accounts, covenants, contracts, controversies, agreements, promises, damages, claims and

demands whatsoever, in law, admiralty or equity, which against one another, either one,

either one's successors and assigns ever had, now have or hereafter can, shall or may,

have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning

of time to the date of this Agreement.

9.    General

(a) Authority.  Marvel represents that it has all requisite corporate power and

authority to enter into this Agreement and to perform its obligations hereunder.  Colan

represents that he is fully empowered to enter into this Agreement and to perform the

obligations hereunder and has never granted or purported to grant any rights in or to,

assigned or made any commitments concerning the Materials.

(b) Cooperation.  Colan shall deliver or cause to be delivered to Marvel at

such times and places as shall be reasonably agreed, such additional instruments as

Marvel may reasonably request for the purpose of carrying out this Agreement.

CONFIDENTIAL                                                                   MARVEL0013411

Confidential                                                                   2021MARVEL-0022747

(c) Publicity. Marvel, its parents, subsidiaries, affiliates, licensees or agents, shall have the right, but not the obligation, to use Colan's name, biography and likeness for the purpose of publicizing or advertising the Materials.

(d) Successors and Assigns. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and permitted assigns for the duration of the Term.

(e) Integration. This Agreement (which includes any exhibits and any documents executed and delivered in connection therewith) sets forth the entire understanding of the parties with respect to the transactions contemplated herein. Any and all previous agreements and understandings between or among the parties regarding the subject matter hereof, except those specifically recited herein, whether written or oral, are superseded by this Agreement.

(f) Counterparts. This Agreement may be executed in counterparts and either party hereto may execute a counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument. This Agreement shall become binding when one or more counterparts taken together shall have been executed and delivered (which deliveries may be by fax or email) by the parties.

(g) Notices. Any notice, request, claim, demand, waiver, consent, approval or other communication which is required or permitted hereunder shall be in writing and shall be deemed given if delivered personally, sent by registered or certified mail

CONFIDENTIAL                                                                      MARVEL0013412

Confidential                                                                      2021MARVEL-0022748

(postage prepaid, return receipt requested), or by nationally recognized overnight courier

service, as follows:

<div style="margin-left: 2em;">

If to Marvel to:
Marvel Entertainment, Inc.
417 Fifth Avenue, 11th Floor
New York, New York 10016
Attention: Legal Department

with a required copy to:

Marvel Characters, Inc.
10474 Santa Monica Boulevard, Suite 206
Los Angeles, California 90025
Attention: Legal Department

If to Colan to:

Gene Colan
Address:


with a required copy to:

Mr. Clifford Meth
179-9 Rt. 46 West
Box 252
Rockaway, New Jersey 07866

</div>


Such notice, request, claim, denial, waiver, consent, approval or other communication

shall be deemed to have been given as of the date so delivered, mailed or dispatched and,

if given by any other means, shall be deemed given only when actually received by the

addressees.

{00056011 EB}                                        - 7 -

CONFIDENTIAL                                                                MARVEL0013413

Confidential                                                                2021MARVEL-0022749

(h) Governing Law. This Agreement shall be governed by and construed, interpreted and enforced in accordance with, the laws of the State of New York (without regard to its laws relating to choice of law or conflicts of law).

(i) Forum Selection; Jury Trial Waiver. The parties hereto agree to submit to the exclusive jurisdiction of the state and federal courts sitting in New York County for any action arising under this Agreement brought by either party. THE PARTIES HERETO HEREBY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT.

(j) Severability. If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws, such provision will be fully severable. This Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never been a part of this Agreement and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Agreement. In lieu of such illegal, invalid or unenforceable provision, there will be added automatically as a part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.

(k) Mutual Drafting. This Agreement is the mutual product of the parties hereto, and each provision hereof has been subject to the mutual consideration, negotiation and agreement of each of the parties.

CONFIDENTIAL                                                                MARVEL0013414

Confidential                                                                2021MARVEL-0022750

(l) Amendment; Waiver. This Agreement may be amended by the parties hereto at any time only by execution of an instrument in writing signed by each of the parties hereto, or their lawful agent(s). Any extension or waiver by any party of any provision hereto shall be valid only if set forth in an instrument in writing signed by such party.

(m) Parties Represented by Counsel. Colan and Marvel acknowledge and represent that they have been represented by separate and independent legal counsel in connection with the transactions contemplated by this Agreement, with the opportunity to seek advice as to their respective legal rights from such counsel.

(n) Headings. The headings and captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement.

IN WITNESS WHEREOF the parties hereto have executed this agreement as of the day and year first above written.

MARVEL CHARACTERS, INC.

By:_____

**ISAAC PERLMUTTER**
**Authorized Representative**

MAY 3 1 2008

MARVEL ENTERPRISES, INC.

By:_____
John Turitzin

Executive Vice President

{00056011 EB}                              - 9 -

CONFIDENTIAL

MARVEL0013415

Confidential

2021MARVEL-0022751

STATE OF NEW YORK

COUNTY OF NEW YORK

GENE COLAN

_Gene Colan_ (signature)

Gene Colan

Sworn to and subscribed before me
this 29 day of May, 2008.

_Nancy Eder_ (signature)

Notary Public

NANCY D. EDER
Notary Public, State of New York
No. 01ED6171837
Qualified in Nassau County
Commission Expires July 30, 2011

{00056011 EB}

- 10 -

CONFIDENTIAL

MARVEL0013416

Confidential

2021MARVEL-0022752