Exhibit 2

B-1

```
 1                       - VOLUME B -

 2              IN THE UNITED STATES DISTRICT COURT

 3              IN AND FOR THE DISTRICT OF DELAWARE

 4                         - - -

 5   IN RE:                        :  Chapter 11 Case
                                    :
 6   MARVEL ENTERTAINMENT GROUP INC., THE :
     ASHER CANDY COMPANY, FLEER CORP.,    :
 7   FRANK L. FLEER CORP., HEROES WORLD    :  Case No. 97-638-RRM
     DISTRIBUTION INC., MALIBU COMICS     :
 8   ENTERTAINMENT INC., MARVEL CHARACTERS :
     INC., MARVEL DIRECT MARKETING INC.,  :
 9   and SKYBOX INTERNATIONAL INC.        :
                                    :
10                  Debtors.            :

11                         - - -

12                    Wilmington, Delaware
                   Tuesday, November 16, 1999
13                    At 10:05 a.m.

14                         - - -

15   BEFORE:    HONORABLE RODERICK R. McKELVIE, U.S.D.C.J.

16                         - - -

17   APPEARANCES:

18
             PEPPER HAMILTON LLP
19           BY:  DAVID B. STRATTON, ESQ.

20                -and-

21           BATTLE FOWLER LLP
             BY:  DAVID FLEISCHER, ESQ. and
22                JODI KLEINICK, ESQ.
                  (New York, New York)
23
                     Counsel for Marvel Enterprises, Inc.
24

25                          Brian P. Gaffigan
                            Official Court Reporter
```

Δ π EXHIBIT 3
Deponent _Evanier Exp't_
Date _12-6-16_ Rptr. _CL_
WWW.DEPOBOOK.COM

CONFIDENTIAL

MARVEL0016713

2021MARVEL-0026019

B-2

```
 1   APPEARANCES (CONTINUED):

 2

 3           MORRIS, JAMES, HITCHENS & WILLIAMS
             BY:  JAMES W. SEMPLE, ESQ. and
 4                RICARDO PALACIO, ESQ.

 5                -and-

 6           LEOPOLD, PETRICH & SMITH
             BY:  LOUIS P. PETRICH, ESQ.
 7                (Los Angeles, California)

 8                    Counsel for New Line Productions, Inc.

 9           STEVENS & LEE
             BY:  JOSEPH GREY, ESQ.
10
                  -and-
11
             KLEINBERG & LERNER, LLP
12           BY:  MICHAEL R. DILBERTO, ESQ., and
                  ADRIAN R. ASKARIEH, ESQ.
13                (Los Angeles, California)

14                    Counsel for Marvin Wolfman

15                      - oOo -

16

17             P R O C E E D I N G S

18           (Proceedings began at 10:05 a.m.)

19           THE COURT:  All right.  Back up.

20           MR. DILIBERTO:  If I may, I just want to comment,

21   during the day yesterday the expert witness for New Line and

22   the employee of Marvel were making faces and gestures at the

23   witness all day.  I would ask they be excluded from the

24   courtroom until they testify or at least admonished not to

25   make faces at the witness.
```

CONFIDENTIAL

MARVEL0016714

2021MARVEL-0026020

Evanier - direct

1          THE COURT:  No, I don't.  What I'm trying to say
2   is that it's typical an expert gets on the stand and under
3   Rule 703 can rely on hearsay for the purpose of bolstering
4   opinions the expert offers, but it's not too typical.  An
5   expert gets on the stand and you use the expert, lawyers may
6   attribute that as not too typical, it gets into evidence.
7   The expert establishes what happens in a particular case with
8   particular individuals for the purpose of establishing that
9   as being true for me to take it as true.

10          If you look at it from my perspective, I don't
11  think that I can rely on this witness for the purpose of
12  finding as a matter of fact that the events he testified to
13  in fact happened, in part because the other side has no
14  real ability to cross-examine the principal actors in the
15  incident.  And, so I don't think it's consistent with the
16  Rule 11 as to allow him or try to use him to establish
17  certain facts I would end up finding.  If you would look at
18  the opinion, I wonder if I could cite this witness for those
19  facts as being true.  I don't think I could.  I don't think
20  it's consistent with the Rules of Evidence.

21          So what you want to do, what I was suggesting
22  is you want to back up, you want to establish through this
23  witness the general concepts of industry practice that you
24  think that he wants to establish, and then he might set
25  examples from his experience and from his knowledge of the

CONFIDENTIAL

MARVEL0016738

2021MARVEL-0026044

Evanier - direct

1   community of what he relies on to show that general industry

2   practice, if that is the direction you are headed.

3   BY MR. DILIBERTO:

4   Q.    Okay.  Mr. Evanier, in the late 1960s through December

5   31, 1977, are you aware of any custom or practice in the

6   comic book industry that gave comic book companies ownership

7   of materials they published?

8   A.    On only a company-by-company basis, what specific

9   companies may have issued.

10          MR. FLEISCHER:  Your Honor, I'll object to this

11  because it's beyond the scope of the report.  Mr. Evanier,

12  in his report, gave opinions on that subject matter but was

13  unspecific as to time.  And in his deposition, he indicated

14  that his report was not time specific.  And, therefore, any

15  testimony that he gives with respect to these time specific

16  questions would be beyond the scope of his report.

17          THE COURT:  Overruled.

18          MR. DILIBERTO:  Thank you, your Honor.

19  BY MR. DILIBERTO:

20  Q.    You were saying?

21  A.    Where was I?  I'm lost.

22  Q.    Okay.  Yes.  The question was, are you aware of any

23  comic book industry custom or practice between the late 1960s

24  to December 31 of 1977 that would have given comic book

25  companies ownership of any characters and stories that they

CONFIDENTIAL