# Exhibit 36

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC., <br><br> Plaintiff and Counterclaim-Defendant <br><br> v. <br><br> LAWRENCE D. LIEBER, <br><br> Defendant and Counterclaimant. | Case No.: 1:21-cv-7955-LAK and consolidated cases 21-cv-7957-LAK and 21-cv-7959-LAK <br><br> Hon. Lewis A. Kaplan |
| MARVEL CHARACTERS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> KEITH A. DETTWILER, in his capacity as Executor of the Estate of Donald L. Heck, <br><br> Defendant and Counterclaimant. | **MARVEL CHARACTERS, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT DITKO'S FIRST SET OF REQUESTS FOR ADMISSION** |
| MARVEL CHARACTERS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> PATRICK S. DITKO, in his capacity as Administrator of the Estate of Stephen J. Ditko, <br><br> Defendant and Counterclaimant. | |

PROPOUNDING PARTY:   PATRICK S. DITKO
RESPONDING PARTY:    MARVEL CHARACTERS, INC.
SET NO.:             ONE

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Marvel Characters, Inc. ("MCI") hereby responds and objects to Patrick S. Ditko's First Set of Requests for Admission ("Requests" and, individually, "Request"), served on September 15, 2022 via regular mail, as follows:

## PRELIMINARY STATEMENT

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.  These responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these responses.  The fact that MCI responds or objects to any of the Requests should not be construed as an admission that it accepts or admits the existence of any facts assumed by such Request, or that such response or objection constitutes admissible evidence as to any such assumed facts.  The fact that MCI responds to part or all of any of the Requests is not intended to be and shall not be construed as a waiver of any part of any objection to any Request.

MCI is still in the process of investigating the facts of this case and searching for responsive information and Documents, which is a particularly burdensome and expensive undertaking given that many of the relevant events took place decades ago.  Nor has MCI completed discovery or concluded preparation for summary judgment or, if necessary, trial.  As a result, MCI's objections and responses herein are preliminary and based on information and Documents that are presently

17. MCI objects to the definition of "You" and "Your" as overbroad and unduly burdensome to the extent this definition includes MCI's "partners, corporate parent, subsidiaries or affiliates."

18. MCI objects to the use of the terms "employee," "freelance," and "created" in the Requests, which assume unfound legal conclusions, are argumentative, and/or assume facts.

The fact that MCI may reassert particular objections in responding to individual Requests should not be construed as limiting the generality of the foregoing objections. The General Objections set forth herein are asserted with respect to each and every Request.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have no written Agreement between Ditko and Marvel between January 1, 1960 – January 1, 1969.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

MCI incorporates the Preliminary Statement and General Objections above as if fully set forth herein. MCI objects to this Request as vague and ambiguous as to the phrase "written Agreement," because "Agreement" is defined to include "any contract," including oral and implied contracts that are, by definition, not written. In responding, MCI will construe this Request as encompassing only written agreements signed by Steve Ditko and Marvel. MCI further objects to this Request as argumentative and inaccurate to the extent that Defendant suggests that a written agreement is necessary for the Works to qualify as works-made-for-hire.

Subject to and without waiving the foregoing objections, MCI responds as follows: Admitted that, to date, MCI has not identified any written agreements between Ditko and Marvel made or entered into between January 1, 1960 and January 1, 1969.