# EXHIBIT 110



DATE DOWNLOADED: Wed Jun  1 09:19:31 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
44 F.T.C. 1 (1947-1948).

ALWD 7th ed.
, , 44 F.T.C. 1 (1947-1948).

APA 7th ed.
(1947-1948). Federal Trade Commission Decisions, 44, 1-1074.

Chicago 17th ed.
"," Federal Trade Commission Decisions 44 (1947-1948): 1-1074

AGLC 4th ed.
" (1947-1948) 44 Federal Trade Commission Decisions 1

OSCOLA 4th ed.
" (1947-1948) 44 FTC 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

In the Matter of

# MARGOOD PUBLISHING CORPORATION ET AL.

COMPLAINT, FINDINGS, AND ORDER IN REGARD TO THE ALLEGED VIOLATION OF SECTION 5 OF AN ACT OF CONGRESS APPROVED SEPTEMBER 26, 1914

*Docket 5463. Complaint, Oct. 8, 1946—Decision, Aug. 8, 1947*

Where 12 corporations and a husband and wife, who were chief officers thereof, and formulated and directed their policies and practices, engaged in the competitive interstate sale and distribution of books and other publications containing novels, fiction, and other stories or articles to dealers and users—

(a) Falsely represented and implied that their said books or other publications contained original, complete and unabridged novels, stories, or articles, and, in a number of instances, had placed conspicuously on the cover the words "a complete $2.00 novel" or other words of like import, and did not adequately inform dealers and the public of condensation, abridgement, or alteration of the original novel, story or article, through frequently contradictory notice, if any, set forth in fine print on an inside page; and

(b) Changed the titles of a number of said novels, stories, or articles and did not disclose such changes, or disclosed them inadequately through notice in fine print on an inside page, and thereby caused or tended to cause purchasers to buy condensed or abridged versions of novels, stories or articles which they had read previously and which they would not have purchased if such novels, etc., had been properly identified as to the original titles;

With effect of misleading prospective purchasers and of thereby causing a substantial number of members of the public to buy their products; whereby trade and commerce was diverted to them from their competitors who did not misrepresent their books or publications or the novels, stories, or articles therein contained; to the serious injury of competition in commerce:

*Held*, That such acts and practices, under the circumstances set forth, were all to the prejudice of the public and their competitors, and constituted unfair methods of competition in commerce and unfair and deceptive acts and practices therein.

In a proceeding in which the record indicated that respondents had discontinued the deceptive practices therein challenged, as above set forth, namely, the offer and sale of condensed novels, etc., as the original and complete stories or articles by the particular author, and stories, etc., of which the original title had been changed, all without adequate notice, if any, but in which there was no assurance that practices in question would not be resumed in the future: the Commission was of the opinion that in the public interest the findings as to the facts should issue, together with an order requiring respondents to cease and desist from practices concerned.

*Mr. John L. York* for the Commission.
*Grossman & Perles*, of New York City, for respondents.

2021MARVEL-0047420

COMPLAINT

Pursuant to the provisions of the Federal Trade Commission Act, and by virtue of the authority vested in it by said act, the Federal Trade Commission, having reason to believe that Margood Publishing Corp., a corporation, Select Publications, Inc., a corporation, Red Circle Magazines, Inc., a corporation, Euclid Publishing Co., Inc., a corporation, Zenith Publishing Corp, a corporation, Bard Publishing Corp., a corporation, Sphere Publications, Inc., a corporation, Hercules Publishing Corp., a corporation, Gem Publications, Inc., a corporation, Miss America Publishing Corp., a corporation, Cornell Publishing Corp., a corporation, London Publishing Corp., a corporation, and Martin Goodman and Jean Goodman, individually and as officers of the above-named corporations, and as copartners, trading as Magazine Management Co., hereinafter referred to as respondents, have violated the provisions of said act, and it appearing to the Commission that a proceeding by it in respect thereof would be in the public interest, hereby issues its complaint, stating its charges in that respect as follows:

PARAGRAPH 1. Respondents Margood Publishing Corp., Select Publications, Inc., Red Circle Magazines, Inc., Euclid Publishing Co., Inc., Zenith Publishing Corp., Bard Publishing Corp., Sphere Publications, Inc., Hercules Publishing Corp., Gem Publications, Inc., Miss America Publishing Corp., Cornell Publishing Corp., and London Publishing Corp. are corporations organized and existing under the laws of the State of New York, and together with said individual respondents hereinafter mentioned have their principal offices and places of business at 350 Fifth Avenue in New York City.

PAR. 2. Respondents Martin Goodman and Jean Goodman are individuals residing at Smith Lane, Woodmere, Nassau County, Long Island, N. Y. Said individuals, who are husband and wife, are copartners trading as Magazine Management Co. from the said address, 350 Fifth Avenue, New York City. Said partnership owns the stock in all the corporations named as respondents in this proceeding, and said respondents Martin Goodman and Jean Goodman are the chief officers of each of said corporate respondents, and in their official capacities at all times mentioned herein they have formulated, controlled, and directed the policies, acts, and practices of said corporate respondents.

PAR. 3. Respondents are now, and for several years past have been, engaged in the publishing, sale, and distribution of books and other publications containing novels, fiction, or other stories or articles to

dealers, purchasers, and users thereof, located in the various States of the United States and in the District of Columbia.

Respondents cause and have caused said books and other publications, when so sold, to be transported from their principal place of business in New York City or from the places of business of respondents' printers or distributors in certain States of the United States to dealers and purchasers thereof located in the various States of the United States other than the State in which such transportation originated or commenced. There is now, and has been for several years last past, a course of trade and commerce by said respondents in such books and other publications between and among the States of the United States and in the District of Columbia.

In the course and conduct of their said business respondents have been and are now engaged in direct and substantial competition with various corporations, partnerships and individuals likewise engaged in the sale and distribution in commerce between and among the various States of the United States and in the District of Columbia, of books and other publications containing novels, fiction or other stories or articles.

PAR. 4. In the course and conduct of their business and for the purpose of inducing the purchase of said books and publications by dealers and the general public, respondents represent and imply, and so present their books and publications as to represent and imply, that they contain the original, complete, and unabridged novels, stories, or articles by the particular author; and in a number of instances respondents place, or cause to be placed, conspicuously, on the covers of said books or publications the words "a complete $2.00 novel," or other words of like import.

PAR. 5. In truth and in fact, said books or publications do not contain the original, complete, and unabridged novels, stories, or articles by the particular author, but contain condensed, abridged, or altered versions of novels, stories, or articles previously published. In such instances when said books or publications contain any notice of condensation, abridgement, or alteration of the original novel, story, or article, such notice is set forth in fine print on an inside page, and is insufficient to adequately inform dealers and the public of such condensation, abridgement, or alteration. Said notices are frequently contrary to statements that said novels, stories, or articles are complete, appearing on the covers of said books or publications.

PAR. 6. Respondents have likewise changed the titles of a number of said novels, stories, or articles, without disclosing that such changes have been made, or without disclosing such change in such a manner

as to be informative to purchasers and prospective purchasers, thus causing or tending to cause purchasers to buy books or publications containing condensed or abridged versions of novels, stories, or articles read by them previously, and which they would not buy if said novels, stories, or articles were properly identified as to the titles under which they were previously published. Where said books or publications contain any notice of such change of title, such notice is set forth in fine print on an inside page, and is insufficient to adequately inform dealers and the public of such change of title.

PAR. 7. The aforesaid representations and implications made by respondents have the capacity and tendency to, and do, mislead and deceive purchasers and prospective purchasers of respondents' books or publications by creating the erroneous and mistaken belief that such representations and implications are true; and cause a substantial number of such purchasers and prospective purchasers to buy said books or publications of respondents, thereby unfairly diverting trade in said commerce to respondents from their competitors who do not misrepresent their books or publications or the novels, stories, or articles therein contained. By such representations and implications respondents have done and are doing serious injury to substantial competition in said commerce.

PAR. 8. The aforesaid acts and practices of respondents, as herein alleged, are all to the prejudice and injury of the public and respondents' competitors and constitute unfair methods of competition in commerce and unfair and deceptive acts and practices in commerce within the intent and meaning of the Federal Trade Commission Act.

REPORT, FINDINGS AS TO THE FACTS, AND ORDER

Pursuant to the provisions of the Federal Trade Commission Act, the Federal Trade Commission on October 8, 1946, issued and subsequently served its complaint in this proceeding upon the respondents named in the caption hereof, charging them with the use of unfair methods of competition and unfair and deceptive acts and practices in commerce in violation of the provisions of that act. After the issuance of said complaint and the filing of respondents' answer, the Commission, by order entered herein, granted respondents' motion for permission to withdraw said answer and to substitute therefor a substitute answer admitting all of the material allegations of fact set forth in the complaint and waiving all intervening procedure and further hearing as to said facts, which substitute answer was duly filed in the office of the Commission. Respondents further waived the filing of

briefs and the presentation of oral argument. Thereafter, the proceeding regularly came on for final hearing before the Commission on the complaint and substitute answer, and the Commission, having duly considered the matter and being now fully advised in the premises, finds that this proceeding is in the interest of the public and makes this its findings as to the facts and its conclusion drawn therefrom.

FINDINGS AS TO THE FACTS

PARAGRAPH 1. Respondents Margood Publishing Corp., Select Publications, Inc., Red Circle Magazines, Inc., Euclid Publishing Co., Inc., Zenith Publishing Corp., Bard Publishing Corp., Sphere Publications, Inc., Hercules Publishing Corp., Gem Publications, Inc., Miss America Publishing Corp., Cornell Publishing Corp., and London Publishing Corp., are corporations organized and existing under the laws of the State of New York, and, together with the individual respondents hereinafter mentioned, have their principal offices and places of business at 350 Fifth Avenue in New York City.

PAR. 2. Respondents Martin Goodman and Jean Goodman are individuals residing at Smith Lane, Woodmere, Nassau County, Long Island, N. Y. Said individuals, who are husband and wife, are co-partners trading as Magazine Management Co. from the said address, 350 Fifth Avenue, New York City. Said partnership owns stock in all of the corporations named as respondents in this proceeding, and said respondents Martin Goodman and Jean Goodman are the chief officers of each of said corporate respondents, and in their official capacities, at all times mentioned herein, have formulated, controlled, and directed the policies, acts, and practices of said corporate respondents.

PAR. 3. For several years respondents were engaged in the publishing, sale, and distribution of books and other publications containing novels, fiction, or other stories or articles to dealers, purchasers, and users thereof, located in the various States of the United States and in the District of Columbia.

Respondents caused said books and other publications, when so sold, to be transported from their principal place of business in New York City, or from the places of business of respondents' printers or distributors in certain States of the United States to dealers and purchasers thereof located in the various States of the United States other than the State in which such transportation originated or commenced. There was a course of trade and commerce by said respond-

ents in such books and other publications between and among the States of the United States and in the District of Columbia.

In the course and conduct of their business respondents were engaged in direct and substantial competition with various corporations, partnerships, and individuals likewise engaged in the sale and distribution in commerce between and among the various States of the United States and in the District of Columbia of books and other publications containing novels, fiction, or other stories or articles.

PAR. 4. In the course and conduct of their business and in connection with the sale and distribution in commerce of their books or other publications, respondents represented and implied that they contained the original, complete, and unabridged novels, stories, or articles by the particular author; and in a number of instances respondents placed, or caused to be placed, conspicuously, on the covers of said books or publications the words "a complete $2.00 novel," or other words of like import.

PAR. 5. In truth and in fact, said books or publications did not contain the original, complete and unabridged novels, stories, or articles by the particular author, but contained condensed, abridged, or altered version of novels, stories, or articles previously published. In such instances, when said books or publications contained any notice of condensation, abridgment, or alteration of the original novel, story or article, such notice was set forth in fine print on an inside page, and was insufficient to adequately inform dealers and the public of such condensation, abridgment, or alteration. Said notices were frequently contrary to statements that said novels, stories, or articles were complete, appearing on the covers of said books or publications.

PAR. 6. Respondents likewise changed the titles of a number of said novels, stories, or articles without disclosing that such changes had been made, or without disclosing such changes in such manner as to be informative to purchasers and prospective purchasers, thus causing or tending to cause purchasers to buy books or publications containing condensed or abridged versions of novels, stories, or articles read by them previously, and which they would not have purchased if said novels, stories, or articles had been properly identified as to the titles under which they were previously published. Where said books or publications contained any notice of such change of title, such notice was set forth in fine print on an inside page, and was insufficient to adequately inform dealers and the public of such change of title.

PAR. 7. The aforesaid representations and implications and omissions made by respondents had the capacity and tendency to and did mislead and deceive purchasers and prospective purchasers of respond-

2021MARVEL-0047425

ents' books or publications by creating the erroneous and mistaken belief that such representations and implications were true and that the said publications sold by respondents contained the original complete and unabridged novels, stories and articles of particular authors and that the titles therefor had not been changed, and said erroneous and mistaken beliefs so engendered caused a substantial number of members of the public to buy said books or publications of respondents, thereby diverting trade in said commerce to respondents from their competitors who did not misrepresent their books or publications or the novels, stories, or articles therein contained. By such representations, implications, and omissions, respondents caused serious injury to substantial competition in said commerce.

PAR. 8. While the record indicates that respondents have discontinued the practices herein referred to, there is no assurance that such practices will not be resumed in the future, and the Commission is therefore of the opinion that in the public interest the foregoing findings as to the facts should issue, together with an order requiring respondents to cease and desist from such practices.

CONCLUSION

The acts and practices of the respondents, as herein found were all to the prejudice of the public and of respondents' competitors, and constituted unfair methods of competition in commerce and unfair and deceptive acts and practices in commerce within the intent and meaning of the Federal Trade Commission Act.

ORDER TO CEASE AND DESIST

This proceeding having been heard by the Federal Trade Commission upon the complaint of the Commission and the substitute answer of respondents, in which answer respondents admit all of the material allegations of fact in the complaint, and respondents having waived all intervening procedure and further hearings, including the filing of briefs and the presentation of oral argument, and the Commission having made its findings as to the facts and conclusion that the respondents have violated the provisions of the Federal Trade Commission Act:

*It is ordered,* That the respondents, Margood Publishing Corp., Select Publications, Inc., Red Circle Magazines, Inc., Euclid Publishing Co., Inc., Zenith Publishing Corp., Bard Publishing Corp., Sphere Publications, Inc., Hercules Publishing Corp., Gem Publications, Inc., Miss America Publishing Corp., Cornell Publishing Corp. and Lon-

don Publishing Corp., corporations, and their officers, and Martin Goodman and Jean Goodman, individually and as officers of the above-named corporations, and as copartners trading as Magazine Management Co., and respondents' representatives, agents, and employees, directly or through any corporate or other device, in connection with the offering for sale, sale and distribution of books and other publications in commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from:

1. Representing, directly or indirectly, that respondents' books or other publications contain original, complete, or unabridged novels, stories, or articles when such is not the fact.

2. Failing to adequately inform dealers and the public of the condensation, abridgment, or alteration of the novels, stores, or articles contained in respondents' books or other publications.

3. Changing the titles of said novels, stories, or articles without disclosing clearly and conspicuously that such changes have been made.

*It is further ordered*, That the respondents shall, within 60 days after service upon them of this order, file with the Commission a report in writing setting forth in detail the manner and form in which they have complied with this order.

2021MARVEL-0047427